In the Matter of NEW YORK LIFE INSURANCE COMPANY, Appellant, v. THOMAS F. GALVIN et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and SHELDON H. SOLOW, Doing Business as SOLOVIEFF REALTY COMPANY, Intervenor-Respondent-Respondent.

First Department, February 22, 1973; Revised April 12, 1973.

*Bernard Botein* of counsel (*Mendes Hershman, Arthur Kramer* and *Ruth Schoonmaker* with him on the brief; *Botein, Hayes Sklar & Herzberg,* attorneys), for appellant.

*Morris Einhorn* of counsel (*Stanley Buchsbaum* with him on the brief; *Norman Redlich, Corporation Counsel*), for Board of Standards and Appeals, respondent.

*Daniel Eisenberg* of counsel (*Eisenberg & Weiss, P. C.,* attorneys), for intervenor-respondent-respondent.

*Noel Rubinton* for East Side Association Incorporated, *amicus curiae.*

STEUER, J. In this consolidated article 78 proceeding the petitioner seeks to annul the grant of a special permit to the intervenor and an extension of time to complete the construction.

There is also an appeal from an intermediate order which we have reviewed on appeal from the judgment.

The intervenor proposes to erect a 45-story apartment house on land assembled by it consisting of the west side of Second Avenue between 66th and 67th Streets, and extending west into both of those streets. Part of this site is located in a C1-9 district and part in an R8 district. Intervenor desired to include a theatre in the premises. The Zoning Resolutions prescribe that in C1 districts the board may permit theatres, provided they have a capacity of not more than 500 persons. The board is also empowered to prescribe conditions to minimize the adverse effects of allowing a theatre in a nearby residential district. Intervenor first sought a change in the Zoning Resolutions from the City Planning Commission to allow a permit for a 700-seat theatre. This was denied. In April, 1969, petitioner applied to respondent board for a permit to include two 500-seat theatres in the building. After extensive hearings respondent issued a permit for one 500-seat theatre. In January, 1971, application was made for the installation of a second 500-seat theatre. Again there were hearings. Petitioner and several other property owners and neighborhood organizations appeared in opposition. A permit for the additional theatre was granted on May 4, 1971. It is this grant which is the subject of this proceeding.

Special Term concluded that the number of theatres within any area is a matter peculiarly within the competence and discretion of respondent board, and dismissed the petition. While we agree with that premise, we believe it to be an over-simplification of the problem. The real question is whether the permit sought and granted is for two 500-seat theatres or one theatre seating 1,000 persons. The question cannot be resolved by semantic nicety determining how a lexicographer would define the word " theatre ". It must be resolved by a determination of what the Zoning Resolution means when it speaks of a theatre. And that meaning is intimately connected with the purpose of the Resolutions (*Caddy* v. *Interborough R. T. Co.*, 195 N. Y. 415; *Matter of New York Post Corp.* v. *Leibowitz*, 2 N Y 2d 677, 685). The general purpose of C1 districts is set out in the Resolutions (ZR § 31–11). It is to establish local shopping districts for retail stores catering to the day-to-day needs of the residents of nearby residential districts. Such stores are encouraged to locate in the district by assurance of two considerations: continuity of frontage similarly devoted, and exclusion of establishments **tending to** break that continuity. The

exception provided for theatres fits perfectly with that concept. Neighborhood theatres, attracting a relatively small influx of patrons into the district are permissible, as this would not materially interfere with the contemplated purposes of the district; while large auditoriums catering to city-wide audiences would tend to do so and are therefore interdicted.

It therefore becomes of decisive importance to determine whether the permit issued is for two theatres of 500 capacity each or one theatre of 1,000-seat capacity, considering what the framers of the Resolution had in mind. The proposed structure is a single room served by two adjoining entrances and divided down its approximate center by a partition. Each half is to contain 500 seats. It could not be more obvious that the conditions which the Zoning Resolution were designed to obviate will not be prevented. The presence of the partition and the separate passageways from the common box office will have no effect whatsoever on the number of people who will be gathered at a single time and in a single place. The purpose of the Resolution is not met by calling the permit applied for one for two theatres, or for a twin theatre, or any other name. Basically it provides for accommodating an assemblage of 1,000 persons at a time, and this is beyond the power of the board to allow.

The judgment dismissing the petition should be modified on the law, without costs, and the petition granted to the extent of annulling the determination of the respondent Board of Standards and Appeals insofar as it granted the intervenor a permit for the construction of a second 500-seat theatre. The judgment should be affirmed insofar as it confirmed the determination of the respondent further extending the time within which substantial construction was to be completed. The order entered October 20, 1972 should be affirmed, without costs.

The separate appeal taken from the order entered October 20, 1972, should be dismissed, without costs, since an appeal from an intermediate order may not survive the entry of final judgment. However, since the order affects the final judgment, the order has been reviewed on the appeal from the final judgment pursuant to CPLR 5501 (subd. [a], par. 1).

STEVENS, P. J. (dissenting). I would affirm on the opinion of FRANK, J., at Trial Term, with the following addition. The objection that the Board of Standards and Appeals failed to make the mandated findings, if of any validity beyond the purely technical, is overcome by the findings, circumstances and conclusions set forth in the verified answer to the petition which was filed by the Board of Standards and Appeals. A reversal or

remand is not required (*Matter of New York City Housing & Redevelopment Bd.* v. *Foley,* 23 A D 2d 84, affd. 16 N Y 2d 1071). The record contains substantial evidence to support the determination.

NUNEZ, KUPFERMAN and TILZER, JJ., concur with STEUER, J.; STEVENS, P. J., dissents in an opinion, with respect to the judgment entered November 2, 1972.

Judgment, Supreme Court, New York County, entered on November 2, 1972, modified, on the law, without costs, and the petition granted to the extent of annulling the determination of the respondent Board of Standards and Appeals insofar as it granted the intervenor a permit for the construction of a second 500-seat theatre. Judgment affirmed insofar as it confirmed the determination of the respondent further extending the time within which substantial construction was to be completed.

Order, Supreme Court, New York County, entered October 20, 1972, so far as appealed from, unanimously affirmed, without costs and without disbursements. The separate appeal therefrom is dismissed since the order has been reviewed on the appeal from the final judgment pursuant to CPLR 5501 (subd. [a], par. 1).