CHAMPION INTERNATIONAL CORPORATION, Appellant, v DEPENDABLE INDUSTRIES CORP., Defendant, and ROBERT S. MINER, Respondent.

First Department, May 1, 1975

*Abner P. Slatt* of counsel *(Kronish, Lieb, Shainswit, Weiner & Hellman,* attorneys), for appellant.

*Benedict Ginsberg* for respondent.

LUPIANO, J. Plaintiff appeals (1) from that part of an order of the Supreme Court, New York County (ASCH, J.), entered March 19, 1974, which denied plaintiff's motion to reinstate its action against defendant Robert S. Miner and for entry of judgment against Miner or for a new trial, (2) from an order of said court entered April 26, 1974, denying plaintiff's motion for leave to renew plaintiff's motion for reinstatement of its action against Miner and for entry of judgment against him or

for the dismissal of plaintiff's action against Miner without prejudice, and (3) from that part of a judgment of said court entered May 31, 1974, as dismissed the complaint against Miner. In its complaint, plaintiff alleges a cause of action against defendant Dependable Industries Corp. for goods sold and delivered and against defendant Robert S. Miner upon his guarantee of the corporate defendant's debts to plaintiff. A copy of the guarantee, which according to its terms was given to induce plaintiff "to extend credit to, or accept a contract or purchase order of [the corporate defendant] or to deliver merchandise to a third party at the request of [said defendant]", was annexed to the complaint. In his answer, defendant Miner admits execution of the guarantee but denies, *inter alia*, that it was executed for the purpose delineated therein and asserts that it was executed on the representation by plaintiff that it would ship complete orders within three weeks, which it failed to do.

At the jury trial, plaintiff rested without having adduced evidence respecting the guarantee. Defendant Miner's motion for dismissal of the action against him was granted and plaintiff's subsequent attempts to enter the guarantee into evidence were unavailing. The jury returned a verdict in plaintiff's favor against the corporate defendant. Plaintiff's alternative request that the dismissal of the action against Miner be without prejudice was similarly denied.

It is well recognized that after entry of a final judgment, an appeal from that judgment is the only method of reviewing an intermediate order. The right to a separate appeal from the intermediate order does not survive the entry of a final judgment *(Matter of New York Life Ins. Co. v Galvin,* 41 AD2d 83, 85). However, since the orders appealed from do affect the final judgment, they may be reviewed on the appeal from that judgment (CPLR 5501, subd [a], par [1]). The dismissal by the trial court of plaintiff's action against the individual defendant was for failure of proof. It has been aptly noted that: "the courts do not favor the exclusion of a second action where the dismissal of the first was for a failure of proof" *(Watkins v Pacific Finance Corp.,* 259 App Div 685, 687). Since it clearly appears that plaintiff's proof against defendant Miner is available, the dismissal on the present record should have been made without prejudice *(Giglio v Haber, 19 AD2d 793).* As issue was not joined *at trial* on the guarantee, defendant Miner was *not afforded the opportunity*

*to adduce proof* as to the defenses raised in his answer. Thus, in the absence of a sufficient procedural predicate for the awarding of judgment against the individual defendant on his guarantee and in the light of the pleadings, plaintiff's own inaction mandates, at most, that the dismissal of the complaint against defendant Miner be without prejudice.

Accordingly, the separate appeals from the orders entered March 19, 1974 and April 26, 1974, should be dismissed and, on the appeal from the judgment entered May 31, 1974, the order entered April 26, 1974 and the judgment should be modified on the law and in the exercise of discretion to the effect that the dismissal of the complaint against defendant Miner be without prejudice and, as so modified, the judgment and order be affirmed, without costs and disbursements.

STEVENS, P. J., MARKEWICH, KUPFERMAN and NUNEZ, JJ., concur.

Separate appeals from orders of the Supreme Court, New York County, entered on March 19, 1974 and April 26, 1974, respectively, unanimously dismissed, without costs and without disbursements.

Judgment of said court, entered on May 31, 1974, and the order entered on April 26, 1974, unanimously modified, on the law and in the exercise of discretion, to the effect that the dismissal of the complaint against defendant Miner be without prejudice and, as so modified, the judgment and order are affirmed, without costs and without disbursements.