■ A. John Erlacher et al., Appellants, v Suffolk County Department of Parks, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered May 16, 1975, which denied their motion to dismiss the affirmative defense of failure to serve a timely notice of claim or, in the alternative, for leave to file a late notice of claim. Upon renewal of defendant's motion (in its brief) to dismiss the appeal, said motion is granted and the appeal is dismissed, without costs or disbursements. The appeal has been rendered academic by reason of a subsequent order of the Supreme Court which dismissed the complaint (see *Champion Int. Corp. v Dependable Ind. Corp.,* 47 AD2d 473; *Herold v Breike,* 49 AD2d 939). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ Dean A. Everhart, Respondent, v Jane S. Everhart, Appellant.— Order of the Supreme Court, Suffolk County, dated April 7, 1975, affirmed insofar as appealed from, without costs or disbursements. While we do not agree with all of the statements made by the learned Justice at Special Term in his opinion, we agree with the result which he reached. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ Walter Goldstein, Respondent, v David Peyser Sportswear, Inc., Defendant and Third-Party Plaintiff-Appellant. Kings Image, Inc., et al., Third-Party Defendants-Respondents.—In an action *inter alia* to recover damages for breach of contract, defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 20, 1975, which granted plaintiff's motion to set aside a certain stipulation of settlement and restore the action to the Trial Calendar. Order affirmed, without costs or disbursements. In our view, under the circumstances herein, Special Term acted within its discretion in setting aside the stipulation of settlement. Since that stipulation provided, *inter alia,* for the withdrawal of an appeal pending in this court from an intermediate order entered during the course of this action, that appeal, which is from an order of the Supreme Court, Nassau County, dated September 5, 1974, is hereby restored to the April 1976 Term Calendar of this court. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.

■ Jeanette Herschaft, Appellant, v Tibbetts Contracting Corp., Respondent.—In a negligence action to recover for damages to property, plaintiff appeals (by permission) from an order of the Appellate Term for the Second and Eleventh Judicial Districts, dated January 15, 1975, which reversed a judgment of the Civil Court of the City of New York, Kings County, entered May 17, 1973 in her favor, after a nonjury trial. Order affirmed, without costs or disbursements. On this record, plaintiff has not established negligence (see *Celebrity Studios v Civetta Excavating,* 72 Misc 2d 1077). Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.