■ KEW GARDENS HILLS HOUSING ASSOCIATES v OFFICE OF RENT CONTROL.—Motion for reargument granted insofar as to direct respondent-appellant to serve and file new points on or before February 24, 1976; petitioner-respondent to file new points on or before March 2, 1976; with reply points, if any, to be served and filed on or before March 9, 1976. Any incorrect interpretation of the facts contained in this court's memorandum decision was a result of the lack of analysis of all possible alternatives in the briefs submitted by counsel for both sides. We expect that, upon reargument, the briefs to be submitted will set forth the facts with clarity and that they focus upon the relevant issues to be determined. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.

■ JEMA PROPERTIES, v SANDY McLEOD.—Motion for leave to appeal from an order of the Appellate Term, entered November 18, 1975, which affirmed an order entered in the Civil Court, New York County, granting petitioner-landlord's motion to strike the jury demand, dismissed. After the entry of the order, the parties went to trial and a judgment was entered on December 18, 1975. After a final judgment is entered, an appeal from the final judgment is the only method for reviewing an intermediate order. The right to a separate appeal from the intermediate order does not survive the entry of the final judgment. (See *Dayon v Downe Communications*, 42 AD2d 889.) Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v PETER COLLAZO.—Motion granted to the extent of directing former court stenographer Siegel to transcribe the *Huntley* hearing minutes by no later than March 15, 1976. The District Attorney, New York County, is directed to serve a certified copy of the order entered hereon on said former court stenographer within five days from the date of entry thereof. The motion, insofar as it seeks summary reversal, is denied. Upon failure to deliver the necessary minutes by March 15, 1976, a motion for reconsideration may be made. Concur—Stevens, P. J. Murphy, Birns, Capozzoli and Nunez, JJ.

■ In the Matter of BERT J. SAPOT, an Attorney.—Respondent reinstated as an attorney and counselor at law in the State of New York upon taking the appropriate oath. Concur—Stevens, P. J., Markewich, Kupferman, Lane and Nunez, JJ.

### (February 17, 1976)

1 In the Matter of HENRY J. NOBLE, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.—Judgment, Supreme Court, New York County, entered on April 22, 1975, unanimously affirmed for the reasons stated at Trial Term, without costs and without disbursements. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.