■ CHERIE COLEMAN et al., Respondents, v MILTON COLEMAN, Appellant.—Appeal from order of Supreme Court, New York County, entered June 28, 1976, granting partial summary judgment against defendant, is unanimously dismissed, without costs and without disbursements. With respect to the second and third causes of action, as to which partial summary judgment was granted to plaintiffs, it appears that an assessment of damages was later held and a final judgment was entered on December 13, 1977. After final judgment, an interlocutory order can be reviewed only on an appeal from the final judgment. (Jema Props. v McLeod, 51 AD2d 702; Bates v Holbrook, 89 App Div 548, 551.) The chief utility of permitting interlocutory appeals before judgment is presumably to prevent erroneous

or unnecessary further proceedings and final judgments. That utility no longer exists, where, as here, the further proceedings, including a trial of the issue of damages and final judgment, have been had. At that point, it is desirable to consider the interlocutory orders only on appeal from the final judgment, when the court can see whether the allegedly erroneous interlocutory order has indeed affected the final judgment. Such a rule also prevents unnecessary fragmentation of appeals. The application of the rule is particularly appropriate here where the final judgment is not a mere ministerial act following an "interlocutory" order which directs the entry of final judgment. We note also that the record on appeal from the interlocutory order was not completed until after the entry of the final judgment one and a half years after the interlocutory order was entered. With respect to the first cause of action, as to which the order directed final judgment for plaintiffs, we note that that claim has apparently been settled and has not been argued by appellant; accordingly, the appeal from that portion of the order must be deemed abandoned. Concur—Silverman, J. P., Evans, Lynch, Sandler and Sullivan, JJ.