■ CHASE MANHATTAN BANK, NATIONAL ASSOCIATION, Respondent, v ROBERTS & ROBERTS, INC., et al., Defendants, and ANTHONY J. TANGREDI, Appellant.—The appeal from the order of the Supreme Court, New York County, entered September 9, 1976, granting summary judgment to the plaintiff, Chase Manhattan Bank, is deemed an appeal from the judgment of the Supreme Court, New York County, entered October 13, 1976, in favor of the Chase Manhattan Bank. Judgment, Supreme Court, New York County, entered October 13, 1976, granting summary judgment in favor of the plaintiff, unanimously affirmed, with $60 costs and disbursements of this

appeal payable to respondent by appellant. Appeal from the order of the Supreme Court, New York County, entered October 18, 1976, declining to sign defendant's order to show cause requesting reargument, unanimously dismissed, without costs or disbursements, as nonappealable *(Sklan v Sklan,* 29 AD2d 526; *Alexandre v Davis,* 57 AD2d 764). The individual, Anthony J. Tangredi, concededly signed an unconditional continuing guarantee, and the papers submitted to Special Term raise no material factual issues. The granting of summary judgment to Chase Manhattan Bank was therefore appropriate. The court takes this opportunity to emphasize a procedural point. Generally, when an appeal from an intermediate order is perfected together with an appeal from a final judgment, the appeal from the intermediate order must be dismissed and any error alleged, to the extent that it affects the final judgment, may be reviewed upon the appeal from the final judgment (CPLR 5501, subd [a], par [1]; *Matter of New York Life Ins. Co. v Galvin,* 41 AD2d 83, 86; *Champion Int. Corp. v Dependable Inds. Corp.,* 47 AD2d 473, 475; *Gruen v Gruen,* 59 AD2d 840). As an implicit corollary to this principle, we note that when an appeal is taken from an order and during the pendency of the appeal a final judgment is entered in the same action, the appeal from the order must fall and review may only be had upon appeal from the final judgment *(Jema Props. v McLeod,* 51 AD2d 702). This rule obtains even when the judgment subsequently entered is merely a ministerial act implementing an order directing entry of final judgment (cf. *Coleman v Coleman,* 61 AD2d 955).* In the case at bar, an appeal was taken from the order granting summary judgment entered September 9, 1976 but not from the subsequent judgment entered October 13, 1976 implementing that order. While adherence to the technical niceties might suggest that we dismiss the present appeal, we have, in the interest of judicial economy, deemed the appeal from the order to be an appeal from the subsequent judgment in which the order was subsumed (cf. CPLR 5520, subd [c]) and considered the appeal on the merits. Concur—Murphy, P. J., Fein, Lane, Sandler and Sullivan, JJ.

---

* We note parenthetically that under the Civil Practice Act a notice of appeal from an order directing summary judgment was deemed to specify a judgment entered upon that order after service of the notice of appeal and before entry of the order of the appellate court (Civ Prac Act, § 562). This section was not carried over into the CPLR (4 Gilbert-Bliss, Civ Prac of NY Annotated, § 562 [1963 Cumulative Supp]).