provided that defendant's liability was limited to $50 as liquidated damages, in the event the system failed to work properly. Thereafter, the system malfunctioned and a burglary occurred, as a result of which plaintiffs suffered substantial loss. This suit to recover the loss followed. Thereupon defendant moved to limit its liability to the sum of $50 and for entry of judgment in favor of plaintiffs for that amount. Special Term denied the motion. We have hitherto indicated that a clause such as that contained in the contract now before us which limited the liability of the installer was effective to bar greater liability on the part of the defendant than that specified in the agreement between the parties (*H. G. Metals v Wells Fargo Alarm Servs.*, 45 AD2d 490). Accordingly, summary judgment should have been granted to the extent sought by defendant. Settle order. Concur—Bloom, J. P., Markewich, Silverman and Ross, JJ.

■ STANDISH F. MEDINA, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Order of the Human Rights Appeal Board, entered September 13, 1979, which affirmed as amended an order of the Commission of the State Division of Human Rights entered December 4, 1978, unanimously annulled, on the law, and the petition granted, without costs or disbursements. The record is clear that petitioner did not provide paid sick leave because complainant was terminating her position with petitioner. The evidence establishes that this was petitioner's uniform practice for female and male employees alike who were employed by him. Only when an employee expected to return to work did he or she receive fully paid sick leave. It therefore follows that complainant was not discriminated against on the basis of her sex and that the decision under review was not supported by substantial evidence (see *Matter of Garrow [Levine]*, 52 AD2d 708). Concur—Kupferman, J. P., Birns, Fein, Markewich and Lupiano, JJ.

■ AUDREY P. HARRIS, Plaintiff, v ROY HARRIS, Defendant.—Motion for reargument denied. (See *Jema Props. v McLeod*, 51 AD2d 702.) Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.

■ AUDREY P. HARRIS, Plaintiff, v ROY HARRIS, Defendant.—Motion to strike certain portions of the record and appellant's brief denied. (See *Jema Props. v McLeod*, 51 AD2d 702.) The respondent is directed to serve and file respondent's points on or before 3:00 P.M., January 24, 1980, with reply points, if any, to be served and filed on or before 3:00 P.M., January 31, 1980, for the February, 1980 Term. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Markewich, JJ.

(January 17, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LIONEL ALSTON, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—Motion for leave to file Parole Board records as an exhibit denied. Concur—Murphy, P. J., Birns, Markewich, Lupiano and Silverman, JJ.

■ FEDERAL INSURANCE COMPANY, Respondent, v ALEXANDER D. WALKER, JR., Individually and as Administrator of the Estate of HELEN E. WALKER, Deceased, Defendant-Appellant and Third-Party Plaintiff-Appellant. UNION CAMP CORPORATION et al., Third-Party Defendants-Respondents. —Order, Supreme Court, New York County, entered June 19, 1978, (1) granting the motion and cross motion by plaintiff-respondent and third-party defendants-respondents for reargument, respectively, (2) vacating the