■ JEAN M. DALY, Petitioner, v THREE VILLAGE CENTRAL SCHOOL DISTRICT et al., Respondents. — Proceeding pursuant to

Executive Law § 298 to review an order of the State Human Rights Appeal Board dated May 30, 1984 which affirmed a determination of the New York State Division of Human Rights dismissing petitioner's complaint upon a finding of no probable cause to believe the respondent employer had engaged in an unlawful discriminatory practice relating to employment.

Order confirmed and proceeding dismissed, without costs or disbursements.

Petitioner was hired by respondent school district in 1960 as a teacher. Respondent school district's policy was to deny extended leaves of absence to all its employees, males and females alike. In 1964 petitioner became pregnant and requested a leave of absence which was treated by respondent as a resignation effective in June 1964. In 1967 petitioner was rehired by respondent school district. In 1969 she again resigned and was rehired in 1971. She has been teaching since then without interruption. In 1979 a seniority list was prepared; pursuant to respondents' general policy, petitioner was denied credit for preresignation service. As a result, she filed a complaint with the New York State Division of Human Rights arguing that the policy of denying preresignation service credit was discriminatorily applied to her in that two male teachers had been permitted to transfer to other jobs within the school system, with no loss of preresignation credit.

The Division and the Appeal Board concluded that there was no probable cause to believe that respondents had discriminated against petitioner on the basis of sex. We agree. This record clearly establishes that respondents' "no leave" policy applied equally to males and females. There is also substantial evidence that no employees, male or female, were granted seniority credit for preresignation employment. The two males who petitioner claims were granted preresignation credit had, in fact, never resigned and petitioner was treated in accordance with a uniform practice. She therefore has failed to prove the truth of her allegation (*see, Medina v State Div. of Human Rights,* 73 AD2d 870). The case of *Matter of Board of Educ. v New York State Div. of Human Rights* (56 NY2d 257) is inapposite to the case at bar. As noted in the instant case, respondents' policies were uniformly applied to all employees, regardless of their sex. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.