gage Foreclosure.) Present—Denman, P. J., Pine, Fallon and Boehm, JJ.

■ NORSTAR BANK OF CENTRAL NEW YORK, Respondent, v ORTEM KNAB CORP. et al., Appellants. (Appeal No. 2.) [601 NYS2d 884] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Vacate Order.) Present —Denman, P. J., Pine, Fallon and Boehm, JJ.

■ NORSTAR BANK OF CENTRAL NEW YORK, Respondent, v ORTEM KNAB CORP. et al., Appellants. (Appeal No. 3.) [601 NYS2d 889] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Appointment of Referee.) Present—Denman, P. J., Pine, Fallon and Boehm, JJ.

6 NORSTAR BANK OF CENTRAL NEW YORK, Respondent, v ORTEM KNAB CORP. et al., Appellants. (Appeal No. 4.) [601 NYS2d 889] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Summary Judgment.) Present—Denman, P. J., Pine, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. WOOLSON, Appellant. [600 NYS2d 587] —Judgment unanimously reversed on the law, plea and waiver of indictment vacated and matter remitted to Niagara County Court for further proceedings in accordance with the following Memorandum: Defendant was arraigned on a felony complaint charging him with attempted murder in the first degree, a class A-I felony, and was held for Grand Jury action on that charge. Defendant waived indictment and pleaded guilty to a superior court information charging reckless endangerment in the first degree (Penal Law § 120.25) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).

Defendant, in his *pro se* supplemental brief, correctly observes that a person charged by felony complaint with the commission of a class A felony and held for Grand Jury action on that complaint cannot waive his right to prosecution by