*ing, Stor. & Contr. Co. v World Fire & Mar. Ins. Co.*, 277 App Div 483, 488, quoted in *Dowdle v Richards*, 2 AD2d 486, 489). Neither party met that burden.

The parties' contract provided that "[t]his is a two-year contract for employment, renewable annually". It further provided that, "[a]s with all administrative appointments, and in accordance with the policies of the Board of Trustees, this appointment is at the pleasure of the President". That language renders the employment contract ambiguous on the issue whether, as plaintiff contends, his employment was for a definite term of two years, or, as defendant contends, plaintiff's employment was for a term of one year, renewable annually at the pleasure of its president. Because the agreement is ambiguous and both parties submitted extrinsic evidence in support of their interpretations, summary judgment is precluded (*see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291-293; *Levey v Leventhal & Sons*, 231 AD2d 877; *Arrow Communication Labs. v Pico Prods., supra*).

Consequently, we reverse the judgment and remit the matter to Supreme Court for a trial on the issue of the duration of plaintiff's employment contract and, if necessary, a further award of damages. The court properly awarded plaintiff contract damages for the period from February 28, 1995 to August 31, 1995 in the sum of $35,538.03, plus interest from February 28, 1995. The court properly rejected the claims of plaintiff for moving expenses and damages resulting from his loss of use of a residence provided by defendant and properly denied plaintiff's motion for costs and sanctions pursuant to 22 NYCRR 130-1.1. (Appeal from Judgment of Supreme Court, Onondaga County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ JOEL S. ST. MARY, Appellant, v PAUL SMITH'S COLLEGE OF ARTS AND SCIENCES, Respondent. (Appeal No. 2.) [668 NYS2d 519] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ JOEL S. ST. MARY, Appellant, v PAUL SMITH'S COLLEGE OF ARTS AND SCIENCES, Respondent. (Appeal No. 3.) [668 NYS2d 519] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; CPLR

5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.

■ JAMES R. BAUMLER et al., Respondents, v TOWN OF NEWSTEAD, Appellant. [668 NYS2d 814] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting partial summary judgment on liability to plaintiffs on their causes of action for nuisance and interference with riparian rights. On a prior appeal, we denied plaintiffs' initial motion for partial summary judgment, which was based upon the affidavit of an expert in hydrogeology who relied upon data and conclusions reported in a geological survey (see, Baumler v Town of Newstead, 198 AD2d 777). No testimony was proffered concerning the testing performed in that survey or the conclusions drawn by persons who performed the survey, and the expert did not perform any independent testing that could confirm the data contained in the report. Thus, we concluded that the report and expert affidavit were insufficient to establish entitlement to judgment as a matter of law (see, Baumler v Town of Newstead, supra, at 777-778). Plaintiffs renewed the prior motion and on renewal submitted the same geological survey and expert affidavit. Additionally, plaintiffs submitted the affidavit of a different expert who likewise relied upon the data collected in the survey and did not conduct independent testing that could have confirmed that data. Because the evidence submitted by plaintiffs on renewal had no more probative value than that submitted on the initial motion, the court erred in granting plaintiffs partial summary judgment.

Moreover, even assuming, arguendo, that plaintiffs established that the conduct of defendant, Town of Newstead (Town), in diverting the flow of water in Dorsch Creek caused the reduction of water level in the aquifer that constituted the water supply for their drilled wells, plaintiffs failed to establish that such conduct constituted a nuisance or an interference with riparian rights. The complaint alleges that the Town intentionally and negligently diverted the flow of water. Plaintiffs failed to establish that the Town acted intentionally, i.e., that it diverted the flow of water for the purpose of reducing the water level in the aquifer or that it knew such a result was substantially certain to occur (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 571, rearg denied 42 NY2d 1102). The evidence submitted by plaintiffs establishes that the Town cleared the creek channel and diverted the flow of water in an attempt to alleviate recurrent seasonal flooding of properties