RIVERMIST ASSOCIATION, INC., Respondent, v SUZANNE C. DAVIS, as Trustee under a Trust Created under Last Will and Testament of MARSHALL E. DAVIS, Appellant, et al., Defendants. (Appeal No. 2.) [675 NYS2d 580] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.

 RIVERMIST ASSOCIATION, INC., Respondent, v KELLI R. DAVIS et al., Appellants, et al., Defendants. (Appeal No. 3.) [674 NYS2d 593] —Judgment unanimously affirmed with costs. Same Memorandum as in Rivermist Assn. v Davis (251 AD2d 1039 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.

 RIVERMIST ASSOCIATION, INC., Respondent, v KELLI R. DAVIS et al., Appellants, et al., Defendants. (Appeal No. 4.) [675 NYS2d 581] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.

 TIMOTHY M. BROWN et al., Respondents, v AURORA SYSTEMS, INC., Respondent, and HANES SUPPLY, INC., Appellant. [675 NYS2d 581] —Order unanimously affirmed without costs. Memorandum: Plaintiff Timothy M. Brown was injured when an injection mold being transported by an overhead hoist fell and struck him. Plaintiffs commenced this action alleging, inter alia, that defendant Hanes Supply, Inc. (Hanes Supply), negligently designed, manufactured, tested, inspected, sold, distributed and installed the hoist and/or its component parts. Supreme Court properly denied the motion of Hanes Supply for summary judgment dismissing the complaint against it. In support of the motion, Hanes Supply contended that plaintiffs failed to set forth sufficient proof of its negligence. Hanes Supply, however, "confuses plaintiff[s'] burden at trial with the burden of a movant to demonstrate entitlement to summary judgment" (Peters v Frontier Hot-Dip Galvanizing, 222 AD2d 1113, 1114). Here, the submissions of Hanes Supply were insufficient to demonstrate its entitlement to judgment in its favor