defendants. Thus, this is "an action * * * on behalf of a corporation" governed by CPLR 213 (7), and the six-year period of limitations applies. Because plaintiff has alleged wrongful conduct by defendant occurring less than six years prior to the commencement of the action against her, the action is not time-barred. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Denman, P. J., Green, Hayes, Pigott, Jr. and Balio, JJ.

■ PHILIP D. RUPERT, JR., Individually and as Judgment Creditor of R.W. MICHAELS AGENCY, INC., on Behalf of Himself and of Other Judgment Creditors of R.W. MICHAELS AGENCY, INC., Similarly Situated, and in the Right of R.W. MICHAELS AGENCY, INC., Appellant, v JOHN TIGUE et al., Defendants, and EDNA KRAUTHEIMER, Respondent. (Appeal No. 2.) [688 NYS2d 454] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Balio, JJ.

■ DRYDEN MUTUAL INSURANCE COMPANY, Appellant-Respondent, v GERALD A. BROCKMAN et al., Respondents-Appellants, and VINCENT HICKEY et al., Respondents. [687 NYS2d 504] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On June 5, 1993, an altercation occurred involving defendants Vincent Hickey and David L. Thompson, two patrons, on the premises of defendant Brock's Old Ridge Inn. Thereafter, Thompson commenced a personal injury action against Hickey, his alleged assailant, as well as against the bar owner and the bartender. The bar owner, defendant Gerald A. Brockman, and defendant Brock's of Ontario, Inc. (doing business as Brock's Old Ridge Inn) were insured by plaintiff during the relevant time period. Brockman first notified plaintiff of the occurrence on June 29, 1994, after being served with the summons with notice in the Thompson action. Plaintiff issued a disclaimer letter on August 5, 1994, based upon the failure of its insureds to give prompt notice of the occurrence. Plaintiff then commenced this declaratory judgment action against its insureds, as well as Thompson and the remaining defendants in the Thompson action, seeking a declaration that it had no obligation to defend or indemnify its insureds. Plaintiff moved for summary judgment, and defendants, including Thompson, the plaintiff in the underlying action, cross-moved for summary judgment seeking a declaration that