■ RICHARD E. WOLFF, Appellant, v HAMLET CORP. et al., Respondents. (Appeal No. 1.) [709 NYS2d 460] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.

■ RICHARD E. WOLFF, Appellant, v HAMLET CORP. et al., Respondents. (Appeal No. 2.) [709 NYS2d 460] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Murphy, J. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS WARE, Appellant. [708 NYS2d 658] —Judgment unanimously affirmed. Memorandum: Although we reject the contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation (*see, People v Roopchand*, 107 AD2d 35, 36, *affd* 65 NY2d 837), we express our strong disapproval of the comment by the prosecutor that, if being drunk was a defense, he would have to lay off half of his staff. The other alleged instances of prosecutorial misconduct on summation are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We further conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 1st Degree.) Present— Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALLY KANNER, Appellant. [708 NYS2d 659] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of arson in the first degree (Penal Law § 150.20 [1]) and four counts of murder in the second degree (Penal Law § 125.25 [3], [4]) for setting a fire in which her two small children were killed. The record establishes that defendant waived her right to be present at sidebar conferences during voir dire by her voluntary, knowing, and intelligent choice (*see, People v Williams*, 92 NY2d 993, 996, citing *People v Vargas*, 88 NY2d 363, 375-376). At the outset of jury selection, County Court acknowledged defendant's right to be present during sidebars and indicated that it would "honor" that right. "Defendant's failure to attend sidebar conferences after having