Lumber for the single sum of $60,000 and as modified the judgment is affirmed without costs.

Same memorandum as in *Roberts v Cobblestone Homes of Rochester* ([appeal No. 2] 291 AD2d 786 [decided herewith]). Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.

■ WILLIAM F. ROBERTS, Respondent-Appellant, v COBBLESTONE HOMES OF ROCHESTER, INC., et al., Defendants, and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants. (Appeal No. 19.) [737 NYS2d 587] —Appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered August 14, 2000, which, inter alia, granted plaintiff's motion for summary judgment.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; *see also*, CPLR 5501 [a] [1]). Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.

■ WILLIAM F. ROBERTS, Respondent-Appellant, v COBBLESTONE HOMES OF ROCHESTER, INC., et al., Defendants, and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants-Respondents. (Appeal No. 20.) [737 NYS2d 587] —Appeal and cross appeal from a judgment of Supreme Court, Monroe County (Siracuse, J.), entered August 30, 2000, which, inter alia, ordered a public sale of the subject premises.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting that part of the order that was incorporated by reference and that provided that plaintiff, William F. Roberts, is liable to defendants William B. Morse Lumber Company, Wm B Morse Lumber Co., doing business as Wm B Morse and Sons, Morse Sash and Door, and Otis Lumber for the single sum of $60,000 and as modified the judgment is affirmed without costs.

Same memorandum as in *Roberts v Cobblestone Homes of Rochester* ([appeal No. 2] 291 AD2d 786 [decided herewith]). Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.

■ WILLIAM F. ROBERTS, Respondent, v COBBLESTONE HOMES OF ROCHESTER, INC., et al., Defendants, and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants. (Appeal No. 21.) [737 NYS2d 588] —Appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered August 14, 2000, which, inter alia, granted plaintiff's motion for summary judgment.

It is hereby ordered that said appeal be and the same hereby

is unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; *see also*, CPLR 5501 [a] [1]). Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.

■ WILLIAM F. ROBERTS, Respondent-Appellant, v COBBLESTONE HOMES OF ROCHESTER, INC., et al., Defendants, and WILLIAM B. MORSE LUMBER COMPANY et al., Appellants-Respondents. (Appeal No. 22.) [737 NYS2d 588] —Appeal and cross appeal from a judgment of Supreme Court, Monroe County (Siracuse, J.), entered August 30, 2000, which, inter alia, ordered a public sale of the subject premises.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting that part of the order that was incorporated by reference and that provided that plaintiff, William F. Roberts, is liable to defendants William B. Morse Lumber Company, Wm B Morse Lumber Co., doing business as Wm B Morse and Sons, Morse Sash and Door, and Otis Lumber for the single sum of $60,000 and as modified the judgment is affirmed without costs.

Same memorandum as in *Roberts v Cobblestone Homes of Rochester* ([appeal No. 2] 291 AD2d 786 [decided herewith]). Present—Wisner, J.P., Hurlbutt, Kehoe and Burns, JJ.

■ ETHEL A. COTY, Also Known as DEBORAH CARROLL, Appellant, v ROBERT STEIGERWALD et al., Respondents. [737 NYS2d 744] —Appeal from an judgment (denominated order and judgment) of Supreme Court, Cayuga County (Affronti, J.), entered July 14, 2000, which dismissed the complaint after a jury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia that Robert Steigerwald (defendant) and defendant Cayuga Savings Bank (Bank) breached their fiduciary duty to her with respect to the management of her accounts. On a prior appeal, this Court set aside the verdict and granted a new trial on the ground that plaintiff's excessive spending could not constitute comparative fault (*Coty v Steigerwald*, 262 AD2d 946). In addition, we set aside the verdict awarding the Bank damages for unjust enrichment and dismissed that counterclaim on the ground that the Bank had unclean hands and thus was not entitled to equitable relief (*Coty v Steigerwald, supra* at 947).

Contrary to the contentions of plaintiff, Supreme Court properly determined upon the retrial that plaintiff had the burden of proving damages (*see, Berley Indus. v City of New*