Arnold Guy Fraiman, J.
Plaintiff insurance company (MONY) moves for partial summary judgment dismissing defendant’s counterclaim. Defendant cross-moves for summary judgment dismissing the complaint and granting him summary judgment on his counterclaim. MONY issued two disability income policies to defendant effective October 19, 1967. The policies provide for the payment of benefits if the insured is totally disabled. They provide further that: "Total disability due to sickness means total disability which commences while this policy is in force and which results from * * * sickness or disease contracted and commencing while this policy is in force”.
On October 30, 1969, defendant made a claim for disability benefits under both policies alleging total disability from January 15, 1968 due to loss of vision caused by retinitis pigmentosa, an eye ailment. MONY paid defendant $3,900 pursuant to his claim, but terminated benefits as of December 29, 1969, on the ground that defendant had made a material misrepresentation in his applications for the policies. The alleged misrepresentation was the denial by defendant that he had contracted retinitis pigmentosa before applying for the policies, whereas MONY claims that he suffered from such condition for a long period prior to 1967 and was aware of this fact. On this ground, MONY, in 1970, commenced the instant action, seeking rescission of the policies and recovery of the benefits paid, less premiums. In 1972, defendant moved for summary judgment and MONY cross-moved for the same relief. Both motions were denied by Mr. Justice Dickens on *1041 the ground that there were issues of fact which had to await a trial for resolution. MONY’s cross motion was apparently denied because of its failure to comply with the provisions of section 142 of the Insurance Law in that one part of the application was not attached to the policies issued to defendant, thereby rendering defendant’s entire application for the policies inadmissible in evidence.
In 1974 MONY commenced a second action in this court seeking a declaratory judgment that its policies do not cover defendant’s sickness inasmuch as the sickness pre-existed the policy, and by the policy’s terms such sicknesses are not covered. MONY again moved for summary judgment in connection with this second action and defendant cross-moved for its dismissal. Defendant’s motion was granted by Mr. Justice Baer, on the ground that the instant action will be dispositive of the issues raised in the declaratory judgment action. Thereafter, pursuant to agreement between the parties, defendant interposed in the instant action the counterclaim which is the subject of MONY’s motion herein. By his counterclaim defendant seeks all benefits due him under the policies, from 1969 to date.
Defendant’s cross motion for summary judgment dismissing MONY’s complaint can be quickly disposed of. As indicated above, Mr. Justice Dickens in 1972 denied the same motion made with respect to this same complaint. Accordingly, that is the law of the case and defendant’s cross motion for summary judgment dismissing the complaint is denied.
Turning next to MONY’s motion and defendant’s cross motion for summary judgment on the counterclaim, this presents a more difficult problem for resolution. As noted, the counterclaim seeks the benefits defendant claims are due him under the policies by reason of his total disability. MONY moves for summary judgment dismissing the counterclaim on the ground that defendant’s sickness was contracted and commenced prior to the issuance of the policies to him and that therefore it is not covered under the terms of the policies.
Defendant does not deny that he suffered from retinitis pigmentosa before the policies were issued. However, he raises two legal issues which he contends are a bar to MONY’s motion to dismiss his claim for disability payments under the policies. He argues first that MONY’s motion must be denied because two courts have previously denied motions for summary judgment made by it. However, the bases for those *1042 previous denials were such that they in no way preclude MONY from making the instant motion. The denial of MO-NY’s motion for summary judgment before Mr. Justice Baer in the declaratory judgment action, and his granting defendant’s cross motion to dismiss that complaint was on the ground that the instant action would be dispositive of all the issues raised therein. Significantly, included in MONY’s moving papers for summary judgment in that action was a stipulation between the parties that if summary judgment were denied, defendant would interpose the counterclaim for disability benefits in the instant action, which is the subject of the motions under consideration. Hence, when Mr. Justice Baer granted the motion to dismiss, he obviously contemplated the inclusion of the instant counterclaim as part of this action, and his decision in no way precludes MONY from moving for summary judgment dismissing it. While MONY made the same argument in the declaratory judgment action as it does on the instant motion, that is, that summary judgment should be granted because defendant’s sickness commenced prior to the issuance of the policies, it is clear from Judge Baer’s decision that he never reached that issue, disposing of the motions instead, as noted above, solely on the ground that the instant action would be dispositive of all the issues in the declaratory judgment action.
Nor does the decision of Mr. Justice Dickens denying MO-NY’s motion for summary judgment on the instant complaint preclude MONY from bringing its current motion. In the motion before Mr. Justice Dickens, the claim made was that the policies should be rescinded by reason of an alleged material misrepresentation in the insured’s application with respect to whether he had a pre-existing condition. On the instant motion, the contention is not made that defendant misrepresented his condition in his applications, thereby providing a basis to rescind the policies, but rather that the sickness for which defendant is claiming disability commenced prior to the issuance of the policies and is therefore outside the policies’ coverage. This is a distinctly different issue from the one before Mr. Justice Dickens, and to establish its case MONY need not rely upon defendant’s applications. Hence, the provisions of section 142 of the Insurance Law which defeated its motion before Mr. Justice Dickens, are not here applicable.
Defendant’s second point is that a so-called incontestable *1043 clause in each of the policies bars MONY from denying defendant’s claim. This clause, which is mandated in all accident and sickness policies by section 164 (subd 3, par [A], cl [2]) of the Insurance Law, provides as follows: "No claim for loss incurred or disability (as defined in the policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition * * * had existed prior to the effective date of coverage of this policy.”
The policies herein were issued on October 19, 1967. Defendant’s claim for disability benefits was made on October 30, 1969, more than two years after issuance of the policies, but such claim sought benefits for total disability from January 15, 1968, only three months after issuance of the policies. As noted, the statute requires the inclusion of this incontestable clause in all accident and sickness policies. This includes not only disability income policies as in the present case, but also so-called major medical policies. In the latter, reimbursement is made to the insured for losses incurred as a result of hospitalization or medical expenses. The phrase "loss incurred * * * after two years from the date of issue of this policy” obviously applies to major medical policies, while the phrase "disability (as defined in the policy) commencing after two years from the date of issue of this policy”, which is in the disjunctive, refers to disability income policies. Thus, the decision of the Appellate Term, First Department in Rackear v Springfield Fire & Mar. Ins. Co. (48 Misc 2d 707), relied upon by defendant, is inapposite. There the court was concerned with a major medical policy which had an incontestable clause similar to that in the instant case. The insurance company sought to avoid payment for losses incurred by the insured for hospitalization and medical expenses on the ground that the insured’s condition antedated the issuance of the policy, and that the insured lied in his application for the policy about being treated prior to the policy’s issuance for the condition for which he was claiming hospital and medical expenses. The policy was issued in July, 1960 and the insured sent the claim statement in question to the insurance company in May, 1963, claiming reimbursement for hospitalization and medical expenses incurred in April, 1963. Appellate Term held that inasmuch as the insured’s losses were incurred more than two years after issuance of the policy, the insurance company was barred by the incontestable clause from refusing payment. In *1044 the instant case, involving disability income policies, the alleged disability commenced less than two years after the policies were issued, i.e., in January, 1968, only three months thereafter. Accordingly, the incontestable clause does not bar MONY from claiming that defendant’s condition pre-existed October 19, 1967. For the reasons noted, this conclusion is not inconsistent with the Rackear decision. The fact that defendant’s claim was not submitted until October 30, 1969 is irrelevant. The statute clearly says that the operative date is when the disability commences, not when the claim for disability is submitted.
Even if the statute were read otherwise, a further ground exists for finding it inapplicable in this case. The clause bars the insurance company from denying a claim for disability commencing after two years from the issuance of the policy, on the. ground that the disease existed prior to the policy date. However, in the instant case, uncontroverted proof has been offered by MONY that defendant’s retinitis pigmentosa not only existed before the policies were issued, but that it was also manifested prior to the policy date. The statutory clause only prohibits denials of claims based on the prior existence of a disease. It does not bar the insurance company from denying a claim where the disease existed and was manifested prior to the policy’s issuance. (Massachusetts Cas. Ins. Co. v Forman, 516 F2d 425.)
It being uncontroverted that defendant’s sickness existed and manifested itself prior to the issuance of the policies herein, and there being no valid legal ground to preclude MONY from raising this issue at this time, MONY’s motion for summary judgment dismissing the counterclaim is granted and defendant’s cross motion is denied.