# FOURTH DEPARTMENT, NOVEMBER, 1980

## (NOVEMBER 13, 1980)

■ ISABELLE S. CONKLIN et al., Appellants, v COUNTY OF ONONDAGA, Respondent. — Order reversed, with costs, and motion denied. Memorandum: Special Term erred in granting defendant's motion for summary judgment dismissing plaintiffs' complaint. This action seeks to recover damages for personal injuries sustained as a result of an automobile accident which occurred on September 12, 1974 as plaintiff Isabelle Conklin was operating a motor vehicle owned by her husband, plaintiff Alan Conklin, on a county highway known as Morgan Road in the Town of Clay, County of Onondaga, New York. In their complaint, plaintiffs alleged that the accident resulted from the negligence of defendant county in the design, construction, and maintenance of the highway in question. Following joinder of issue and examinations before trial, defendant county brought a motion for summary judgment asserting that plaintiffs failed to establish actionable negligence against the county, claiming no evidentiary proof was offered on the issue of causation. Plaintiffs opposed the motion and

asserted that there were issues of fact as to the cause of the accident that precluded granting summary judgment. Special Term determined that summary judgment was not defeated simply because there may be an issue of fact whether Morgan Road was negligently designed, constructed or maintained and granted summary judgment to the defendant based on plaintiffs' failure to prove that negligence on the part of the county was a proximate cause of the accident. In granting defendant's motion for summary judgment Special Term improperly determined that plaintiffs would not be successful in ultimately establishing liability. Upon a motion by a defendant for summary judgment, "the issue is not whether plaintiffs can ultimately establish liability, but, rather, whether there exists a substantial issue of fact in the case on the issue of liability which requires a plenary trial" *(Barr v County of Albany,* 50 NY2d 247, 254; see, e.g., *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; see, generally, Siegel, New York Practice, § 278). On this record, the jury could reasonably find that plaintiff's automobile was caused to veer to the left because of potholes in or about the highway. This and other facts deemed true for the purpose of this motion should be left to the jury. All concur, except Simons and Witmer, JJ., who dissent and vote to affirm in the following memorandum:

Simons and Witmer, JJ. (dissenting). There is no evidence in the record upon which a jury could properly find that plaintiff's automobile was caused to veer to the left because of potholes in the highway. To the contrary, the driver did not testify that the wheels of her vehicle struck a pothole before the accident and she repeatedly stated that she did not know what caused her to lose control of it. There being no factual issue, and no basis for legal liability of the county shown, Special Term properly granted defendant's motion for summary judgment. (See *Brooks v New York State Thruway Auth.,* 73 AD2d 767, affd 51 NY2d 892.) (Appeal from order of Onondaga Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.