■ Louise I. McDougal, Individually and as Parent and Natural Guardian of Sara L. McDougal, an Infant, and as Administratrix of the Estate of Charles R. McDougal, Deceased, Respondent, v County of Livingston, Appellant. — Order unanimously affirmed, with costs. Memorandum: This action arose from a head-on collision between two vehicles at or near a curve in the East Lake Road, Town of Livonia in Livingston County. Plaintiff's complaint alleges that defects existing in the highway maintained by the defendant were a proximate cause of the collision resulting in serious injury and death. In its answer defendant denied the allegations of negligence and asserted as affirmative defenses (1) plaintiff's culpable conduct and (2) plaintiff's failure to comply with Local Law No. 1 of 1978 requiring prior notice of any defective, unsafe or dangerous condition. Previously a motion by defendant to dismiss plaintiff's complaint on the ground that it was entitled to a judgment on its second affirmative defense was denied and we affirmed (*McDougal v County of Livingston,* 81 AD2d 1048). Defendant amended its answer to interpose two additional affirmative defenses, to wit, (3) that plaintiff failed to comply with section 50-e of the General Municipal Law and that (4) defendant had fulfilled its lawful duty with respect to the design, planning and construction of the highway. Defendant again moved for summary judgment and dismissal of plaintiff's complaint. In support of its motion, defendant submitted additional affidavits, accompanied by various documentary evidence to demonstrate that there was no written or actual notice of any dangerous or defective conditions at the scene on the date of the accident. It is from a denial of this second motion for summary judgment that defendant appeals. Defendant is precluded from seeking summary judgment on its second affirmative defense that plaintiff failed to comply with the notice requirements of Local Law No. 1 of 1978. The denial of the prior motion for summary judgment is the law of the case. A subsequent summary judgment motion in the same case and on the same proof will not be entertained (*Mutual Life Ins. Co. of N. Y. v Hayden,* 87 Misc 2d 1039, affd 60 AD2d 823, mot for lv to app dsmd 44 NY2d 838). Any new evidence available to defendant should have been presented by way of a motion to renew before the original motion Judge (CPLR 2221) and was not properly before Special Term or before this court on appeal. Defendant's claim that there is a material and prejudicial variance between the notice of the claim pursuant to section 50-e of the General Municipal Law and the complaint is without merit. We find the notice of claim pursuant to 50-e of the General Municipal Law to be sufficient. It includes information sufficient to enable defendant to investigate the claim (*O'Brien v*

*City of Syracuse,* 54 NY2d 353), and the allegations in plaintiff's complaint do not materially or prejudicially vary therefrom. Summary judgment is granted infrequently in negligence actions, and should be granted only where there is no merit to the cause of action (*Blake v Gardino,* 35 AD2d 1022, affd 29 NY2d 876; *Donadio v Crouse-Irving Mem. Hosp.,* 75 AD2d 715). or where there is no genuine issue to be resolved at trial (*Andre v Pomeroy,* 35 NY2d 361, 364). Even where the facts are conceded in a negligence action, there is often a question as to whether the defendant or the plaintiff had acted reasonably under the circumstances. This can rarely be decided as a matter of law. The record herein does not conclusively establish that the defendant fulfilled its duty to construct and maintain a reasonably safe highway. Nor does the proof submitted by defendant in support of this motion conclusively eliminate the condition of the road at the site of the accident as a cause of the accident, or establish that the road's status merely furnished the condition for the occurrence of the accident rather than one of its causes (see *Margolin v Friedman,* 43 NY2d 982; *Sheehan v City of New York,* 40 NY2d 496, 503). Accordingly, summary judgment was properly denied (see *Conklin v County of Onondaga,* 78 AD2d 962, app dsmd 53 NY2d 939, mot for lv to app dsmd 54 NY2d 1025). (Appeal from order of Supreme Court, Livingston County, Kennedy, J. — summary judgment.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.