■ In the Matter of HUDSON VALLEY ENVIRONMENTAL SERVICES, INC., Respondent, v GERALD G. GARDNER et al., Constituting the Zoning Board of Appeals of the Town of Plattekill, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered June 28, 1983 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Town of Plattekill Zoning Board of Appeals declaring that petitioner's nonconforming use of its property had been abandoned. ¶ Judgment affirmed, with costs, upon the opinion of Justice Aaron E. Klein at Special Term. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

■ GAIL E. YOUNG, Individually and as Administratrix of the Estate of JOHN A. YOUNG, Deceased, Respondent, v ROBERTSHAW CONTROLS COMPANY et al., Defendants, and PHILLIPS PETROLEUM COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered February 17, 1983 in Essex County, which denied defendant Phillips Petroleum Company's motion for summary judgment dismissing the complaint and all cross claims asserted against it. ¶ The instant action results from a liquid petroleum gas leak that caused an explosion which fatally injured plaintiff's decedent. A gas cylinder bearing the logo of defendant Phillips Petroleum Company (Phillips) was found at the scene. Plaintiff asserted causes of action grounded in negligence, breach of warranty and strict products liability. The complaint alleges that defendant Phillips failed to warn the public and plaintiff of the dangerous propensities of propane gas, namely, that it is highly combustible, is heavier than air, tends to collect in low areas such as cellars, and is difficult to smell. Defendant Phillips denied that it had marketed any liquid petroleum in the area for over three years and that any of its propane could have been involved in the explosion. ¶ Special Term denied defendant Phillips' first motion for summary judgment, finding that issues of fact existed as to whether the cylinder bearing Phillips' logo, found at the scene, contained Phillips' gas and whether Phillips exercised reasonable care by affixing a warning on the cylinder of the abnormal dangers associated with the use of its own or another company's propane gas in the cylinder. Defendant Phillips did not appeal from this ruling. ¶ Defendant Phillips, in a second motion for summary judgment which is the subject of this appeal, essentially reargued the issues covered in its first motion. A review of the material and arguments submitted on the second Phillips motion for summary judgment reveals that issues of fact remain for a jury to resolve, as Special Term pointed out in its earlier decision. Under these circumstances, Special Term did not act improperly when it again denied defendant Phillips the relief requested (see *McDougal v County of Livingston*, 89 AD2d 815). The order denying defendant Phillips' second motion for summary judgment should, therefore, be affirmed. ¶ Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.