■ GREEN POINT SAVINGS BANK, Appellant, v RHODA STRUM, Respondent.—In an action to foreclose a mortgage on real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated September 5, 1990, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

On May 15, 1985, the defendant borrowed $89,000 from the plaintiff to purchase a condominium unit. The loan was secured by a mortgage on the defendant's individual unit, which

was one of a total of 78 units making up the condominium property. In addition to monthly installments of principal and interest, the defendant was required to deposit one-twelfth of the annual taxes into escrow for payment by the plaintiff. The defendant was further required to reimburse the plaintiff upon demand for any shortages in the escrow account. Failure of the defendant to comply with this requirement constituted a default and permitted the plaintiff to accelerate the remaining principal indebtedness with interest.

In or about July 1985 the plaintiff received a tax bill for the condominium in the amount of $3,913. The bill was paid and a notice was sent to the defendant demanding that she reimburse the plaintiff for the amount paid and informing her that her monthly escrow installment was being increased from $40 to $250. The defendant objected and refused to reimburse the plaintiff because she contended the taxes had been paid in error. According to the defendant, the assessment paid by the bank was for the entire condominium property, not her individual unit. In fact, the record indicates that the individual units were not apportioned individually for taxes until January 1986 and that the amount owed on the defendant's unit was no more than $500 per annum. The defendant claims that the plaintiff was negligent in paying the entire assessment because documents that had been provided at her closing indicated that the condominium unit owners were entitled to a tax exemption.

Prior to the commencement of the action, a series of checks and correspondence was exchanged, but the parties could not reach an agreement because the defendant refused to reimburse the plaintiff for what she claimed was its own error, whereas the plaintiff insisted that it was up to the defendant to resolve this matter with the taxing authority.

The action was commenced in or about May 1989, and the plaintiff moved for summary judgment. On October 4, 1989, the Supreme Court denied the motion and ordered service of an amended answer setting forth the pertinent defenses. The plaintiff did not move for reargument or take an appeal from the order dated October 4, 1989.

In May 1990, the plaintiff moved for summary judgment a second time based on the same facts presented on the prior motion. The motion was denied and this appeal ensued. We now affirm.

The plaintiff was properly precluded from seeking summary judgment because a prior motion for summary judgment,

based upon the same proof, was denied. The contention that service of an amended answer, as directed by the court, permitted a second motion to be made, is without merit. Subsequent motions for summary judgment in the same case and based on the same proof will not achieve a different result (see, McDougal v County of Livingston, 89 AD2d 815). The amended answer here does not interject any new issues, and the proof relied on by the plaintiff on its second motion was the same as on the earlier motion. Accordingly, we find that the denial of the plaintiff's motion for summary judgment was in all respects proper. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.