JUANITA H. POITIER, for Herself and as Mother and Natural Guardian of GINA POITIER and Others, Respondent, v. SIDNEY POITIER, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered March 9, 1973 in Albany County, which denied a motion to dismiss respondent's application under section 244 of the Domestic Relations Law for an order directing the entry of judgment for arrears alleged to be due respondent. The parties, who had been married in 1951, entered into a separation agreement in 1964 which provided for the payment by appellant to respondent and their four children of sums of money for support and maintenance based upon a specified percentage of appellant's income from year to year, up to a maximum of $101,500. A divorce was obtained in Mexico in 1965, the decree providing that the separation agreement would be incorporated therein but not merged. The instant proceeding was commenced in 1972, respondent contending that appellant had defaulted in making payments under the agreement wherefore arrears were due and owing. The amount of such arrears was not specified, allegedly because appellant had failed to comply with that provision of the agreement requiring him to provide respondent with semi-annual statements of income. In denying appellant's motion to dismiss, Special Term ordered the proceeding to be transferred to Trial Term to be placed on the General Calendar for trial of the factual issues. Since respondent no longer seeks any relief other than an order directing entry of a judgment for arrears under section 244 of the Domestic Relations Law, the only issue before us is whether the proceeding can be maintained where the amount of such arrears, if any, is not established, or whether respondent's remedy is a plenary action at law. In our view the proceeding under section 244 can be maintained. Nothing in section 244 limits its application to situations where the amount of arrears is " established " or " specified ", and the policy underlying its enactment does not require a distinction between payments of fixed sums and payments of sums based upon a formula. Had the Legislature intended to limit the applicability of the statute to situations where the amount of the judgment could be predetermined, it would not have

given the courts discretion to direct entry of judgment "for such part [of such arrears] * * * as justice requires having a regard to the circumstances of the respective parties". We note also that a hearing upon such questions would seem to be contemplated. We, therefore, conclude that a lack of specificity is not a bar to relief under section 244, and that a hearing should be held to determine the amount of arrears, if any. Such a hearing should be held by Special Term (see *Salvati* v. *Salvati*, 37 A D 2d 858). Order modified, on the law, by deleting the second decretal paragraph thereof, and, as so modified, affirmed, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.