■ NORMA BURNE, Respondent, v SEYMOUR W. BURNE, Appellant.—In an action in which the plaintiff wife was granted a judgment of divorce, defendant appeals (1) from an order of the Supreme Court, Nassau County, dated June 30, 1975, which denied his motion (a) to reduce the alimony provision of the divorce judgment retroactively and (b) to stay an action pending in the Civil Court of the City of New York, pending resolution of the reduction application and (2), as limited by his brief, from so much of a further order of the same court, dated July 29, 1975, as, upon reargument, adhered to the original decision. Appeal from order dated June 30, 1975 dismissed, without costs, as academic. That order was superseded by the order dated July 29, 1975. Order dated July 29, 1975 modified by (1) inserting therein, immediately after the provision that the court "adheres to its original decision", the following: "insofar as the application for a stay is concerned", and (2) adding thereto a provision directing that a hearing be held insofar as the application is for an amendment of the judgment of divorce by reducing the alimony payments. As so modified, order affirmed insofar as appealed from, without costs. It appears from the record on this appeal that the parties and the court which granted the divorce intended that the provision of the stipulation pertaining to alimony, entered into between the parties in open court during the trial on the action for divorce, would merge into and not survive the divorce decree. That court, therefore, retains jurisdiction to modify that provision pursuant to section 236 of the Domestic Relations Law. While it appears from the record before this court that appellant's loss of employment constitutes a sufficient change of circumstances to warrant a downward modification of alimony, a hearing

should be held by Special Term to determine if that unemployment has continued and whether a reduction of alimony is appropriate. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.