■ DORIS E. DEROSIA, Appellant, v DONALD C. DEROSIA, Respondent.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding under section 244 of the Domestic Relations Law, plaintiff moved for an order directing the entry of judgment in the sum of $6,905, which is the amount that she claims that the defendant is in default of payment as required by a judgment of divorce granted to her on January 30, 1974. Defendant's affidavit in response to the motion asserts that he is not in arrears beyond the sum of $715. He seeks a denial of plaintiff's application or, alternatively, that the entry of judgment be limited to $715. Plaintiff appeals from Special Term's order which retroactively and prospectively modified the judgment of divorce by reducing the amount of support payments to the plaintiff and directed that all of plaintiff's prior claims "be settled" by the defendant's payment to her of $2,500. The order was premised solely upon the motion papers. Initially we note that it was improper for the court to address a modification of alimony in the absence of a formal application therefor *(Gottlieb v Gottlieb,* 50 AD2d

921; Domestic Relations Law, § 236). Defendant has not sought modification, nor does he allege the requisite "substantial change of circumstances" to justify such relief *(Hickland v Hickland,* 56 AD2d 978, 979; *Canfield v Canfield,* 55 AD2d 694). Defendant's answering affidavit raises a material issue of fact as to the extent of defendant's default of payments. A plenary hearing is required to resolve that issue and to determine the amount of any judgment to be entered on plaintiff's behalf (see *Pecukonis v Pecukonis,* 49 AD2d 985; *Poitier v Poitier,* 42 AD2d 645; *Salvati v Salvati,* 37 AD2d 858). (Appeal from order of Onondaga Supreme Court—alimony and support.) Present—Moule, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.