■ VALLEY STREAM REFUSE TRANSFER CO., Respondent, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the Incorporated Village of Valley Stream from executing a certain contract with Jamaica Ash Co., Inc., the appeals are from a judgment of the Supreme Court, Nassau County, entered August 30, 1978, which granted the petition to the extent of determining that the acts of the village in advertising for and receiving bids were null and void and vacated the contract between the village and Jamaica Ash Co., Inc. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The petitioner has no standing (see *Matter of Rockland Haulage v Village of Upper Nyack,* 13 AD2d 819). Lazer, J. P., Gulotta, Cohalan and Margett,· JJ., concur.

■ JOSEPH ZIPPARO, Respondent, v BRITTA ZIPPARO, Appellant.—In a matrimonial action in which the parties were granted a divorce by reason of their having lived separate and apart pursuant to a written agreement for a period of one or more years, defendant appeals from an order of the Supreme Court, Westchester County, dated August 22, 1978, which, after a hearing, *inter alia,* denied her application to direct plaintiff to pay arrears in alimony pursuant to the separation agreement. Order affirmed, without costs or disbursements. The separation agreement executed by the parties was incorporated, but not merged, into their judgment of divorce. The agreement provided that alimony payments to the wife "shall terminate upon the death or remarriage of the Wife or upon the Wife cohabiting outside the marital relationship and before divorce from the Husband". In a rider to the agreement "cohabiting" was defined as "the regular living together of the Wife with a man for period exceeding six (6) months." After conducting a hearing the court found that plaintiff had established that his former wife had been cohabiting as defined by the terms of the separation agreement and rider, and, accordingly, held that defendant was no longer entitled to alimony under the agreement. A cohabitation clause of this sort works a forfeiture of support, much like a fault divorce based on adultery, and therefore the party seeking to enforce such an agreement must establish cohabitation by clear and convincing evidence (cf. *George v George,* 34 AD2d 888). As measured against this standard of proof, the record fully supports the determination of the trial court. Therefore, the order should be affirmed. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.