■ JENNIFER MALTA, Respondent, v DAVID MALTA, Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff moved to punish defendant for contempt and for entry of a money judgment for alimony and child support arrearages, representing moneys defendant was required to pay pursuant to a divorce decree which incorporated the terms of a separation agreement without merging the agreement. Defendant cross-moved to modify the divorce judgment alleging that he was unable to pay, that plaintiff was living with another man and holding herself out as his wife and that plaintiff had waived her right to relief by accepting a lesser sum for over a year without complaint. The court did not address the issue of contempt, awarded plaintiff $10,010 for arrearages and ordered a hearing on defendant's motion for modification. Subdivision 1 of section 246 of the Domestic Relations Law provides that in a proceeding to punish for contempt, on proper notice to the other party, the court may "[M]odify the order of judgment to make such payment and relieve [the defaulting party] from such contempt order." Under former section 244 of the Domestic Relations Law, if a spouse defaulted in a payment of support, the court "in its discretion" could order entry of a judgment for such arrears. However, this section was amended (L 1980, chs 241, 645; L 1981, ch 695) and now provides that upon any default, the court *"shall* make an order directing the entry of judgment for the amount of such arrears * * * *unless* the defaulting party shows good cause for failure to make application for relief from the judgment * * * *prior* to the accrual of such arrears." (Emphasis added.) Under the amended statute, the court no longer has broad discretion in determining whether to enter a judgment for arrears. Nevertheless, a hearing is required here to determine if there is "good cause" for the husband's failure to move to modify the judgment prior to commencement of the wife's petition for entry of a judgment and for contempt. If good cause is demonstrated then the court could refuse to order entry of a judgment or do so for only part of the amount requested. The husband claimed that for over a year he paid less than the decree required because he was unable to pay the required amount and because the parties "mutually agreed" that the wife would accept a lesser amount in exchange for which the husband would not seek to modify the decree. Only through a hearing will the court be able to determine the validity of such contention. Special Term correctly ruled that a hearing should be held on the husband's motion for a modification to determine if he is able to meet the dual test of whether plaintiff is habitually living with another man and holding herself out as his wife (*Northrup v Northrup,* 43 NY2d 566, 571). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — arrearages — alimony and child support.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.