■ FRANK RUSSO, Doing Business as RUSSO BANANA COMPANY, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — In a negligence action to recover for property damage, defendant appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts dated January 13, 1983, as modified an order of the Civil Court, Kings County, entered June 28, 1982, so as to collaterally estop defendant from litigating the question of whether its gross negligence was the proximate cause of the July, 1977 electrical blackout. Order affirmed insofar as appealed from, with costs. Consolidated Edison is estopped from refuting the fact that its gross negligence proximately caused the July, 1977 blackout (*Shaid v Consolidated Edison Co.*, 97 AD2d 610). Titone, J. P., Lazer and Boyers, JJ., concur.

Thompson, J., concurs in the result on constraint of *Shaid v Consolidated Edison Co.* (97 AD2d 610).

■ LESLIE A. SCHINDELMAN, Respondent, v HARVEY M. SCHINDELMAN, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated January 14, 1983, as directed the entry of a money judgment in favor of plaintiff's wife in the principal sum of $6,500 in arrears in the payment of educational expenses of the parties' son for the 1982-1983 school year. Order reversed insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing and new determination in accordance herewith. Plaintiff moved for entry of a money judgment against the defendant for arrears in the payment of educational expenses of the parties' son for the 1982-1983 school year, as directed in an order of the Supreme Court, Nassau County, entered April 7, 1982. That order provided, in pertinent part, the following: "ORDERED, should Peter Schindelman continue his education at Vassar College beyond the 1981-1982 school year, but with no entitlement to scholarship monies or other funds, and provided that all major decisions concerning his future attendance at Vassar or any other school for higher education be done in consultation with the defendant and that these decisions be reasonable when made, that under such circumstances, then and in that event, the defendant be and he hereby is directed to contribute the sum of $6,500 per school year or his portion thereof, toward Peter Schindelman's college education; payments for same are to be made in two equal installments on presentation of the bill from the school for each semester to the defendant herein, said obligation shall continue during Peter Schindelman's college education at Vassar until said infant reaches the age of 21 years or is sooner emancipated." In our view, Special Term erred in directing the entry of a money judgment in favor of the plaintiff without the benefit of a hearing. On the basis of the conflicting affidavits submitted to Special Term, there are material issues of fact which must be resolved regarding whether or not the plaintiff and the parties' son, Peter, had sufficiently consulted with the defendant regarding Peter's attendance at Vassar College so as to compel him to contribute towards Peter's education, and whether they had otherwise complied with the April 7 order (cf. *Poitier v Poitier,* 42 AD2d 645). With regard to the plaintiff's request for counsel fees, it should be noted that plaintiff's remedy is to make an application for such fees at Special Term. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.