OPINION OF THE COURT
Leon A. Beerman, J.
Plaintiff husband moved for an order (a) vacating the alimony and child support provisions of the judgment of divorce, dated March 15, 1977, on the ground that' the defendant has been living with another man.
Defendant wife cross-moved for entry of a money judgment representing support and alimony arrears and for an order adjudging plaintiff in contempt of court for his willful failure to pay pursuant to the judgment of divorce, as well as for other ancillary relief.
The parties were granted a dual divorce, eafch on the grounds of cruel and inhuman treatment, on March 15, 1977. Prior to the decree, the parties had entered into a stipulation in open court which was incorporated into the divorce decree. That stipulation provided in relevant part: “(a) The plaintiff shall pay to the defendant as and for alimony and child support, the sum of $325.00 dollars per week, commencing the week starting January 10th, 1977, said payment shall continue until such time as the defen *850 dant remarries, dies, or lives with another man, or until the plaintiff dies, whichever event sooner occurs”.
At bar, plaintiff contends that defendant has violated the terms of the stipulation by living with another man, thereby terminating plaintiff’s obligation to pay alimony and support and triggering the sale of the marital home. It is plaintiff’s position that the term living with another man as used in the stipulation does not necessarily require cohabitation.
Defendant denies she is living with another man, although she admits that a man, one Lester Berzak, did reside in the marital home for over two years. It is defendant’s position that she did not live with Mr. Berzak but rented the first two levels of the house to him in order to reduce household expenses. Defendant further contends that plaintiff’s conduct in suspending alimony and support payments in May, 1983 was willful and deliberate, and that plaintiff’s present application is nothing more than an attempt to harass her.
A hearing was held before this court on December 5,7,8, 9, 12, 13, 1983 and based upon the credible evidence adduced therein the court finds as follows:
At the commencement of the hearing plaintiff conceded that he had made no alimony payments since May, 1983, and also that if a judgment were recovered against him for said arrears, he would be financially able to pay them.
At this point the court would note that the relief requested by plaintiff would result in a forfeiture of defendant’s future rights to alimony and support. Due to the severity of that forfeiture, the plaintiff, who is seeking to enforce the agreement, must establish by clear and convincing evidence that defendant has violated said stipulation in that defendant is living with another man. (Zipparo v Zipparo, 70 AD2d 616.)
Although Zipparo (supra) dealt with forfeiture of alimony due to cohabitation, the specific reason for the forfeiture was not determinative of the burden of proof; it is the very fact that there will be a forfeiture of support which mandates the higher standard of proof.
With respect to the issue of defendant’s living with another man, the credible evidence adduced at the hearing *851 revealed that one, Lester Berzak, concededly a man, moved into the marital home sometime in January, 1981 and lived there on a regular basis until October or November, 1983. That he was a friend of the defendant’s brother and knew defendant and her family for some years prior to moving into the premises.
Further, that Mr. Berzak arranged with defendant to rent the lower two levels of this split-level one-family home for $300 per month. That in addition he was permitted the use of the kitchen facilities on the third level and, because his bathroom on the lower level had no shower, he was allowed to use the shower on the fourth level. The credible testimony indicated that Mr. Berzak and defendant each had separate entrances to their respective levels, although the locks to the entrances were keyed alike. That at the top of the indoor stairs going from the second to the third level there is a door, however, the door has no lock.
The defendant categorically denied ever having sexual relations with Mr. Berzak or that she shared her bed with him or that she ever held herself out as his wife; nor was any testimony to the contrary introduced. The credible evidence was that defendant slept in her bedroom on the fourth level and that Berzak slept in the den on the second level. That defendant neither cooked for him, shared meals with him nor generally took care of him or any of his needs. There was no evidence that they socialized together other than with defendant’s brother. Additionally, the court notes that defendant declared as income, on her 1981 tax return, the rent she received from Mr. Berzak.
Although no evidence was presented that Mr. Berzak provides support to the defendant, it was revealed that defendant and Berzak have several joint bank accounts, including a joint safety deposit box which defendant closed on December 12, 1983. It was adduced that defendant had the use of Mr. Berzak’s car and continued to use it even to the present. That during the time he lived in the house Berzak never had his own phone but used defendant’s, paying only for long distance calls. Although Mr. Berzak was subpoenaed to testify by the plaintiff he failed to appear.
*852 The primary issue at bar can be simplistically stated in a single question: what is “living with a man?” To that end the court notes the paucity of case law in this area, there appearing no reported case in New York interpreting the meaning of the phrase when used as a triggering condition in a separation agreement.
The court finds the language of the agreement to be clear and unambiguous with no parol evidence being required to explain its meaning. Rather, the words should be given their plain everyday meaning in light of the social realities in the time in which we live. There can be no doubt that times have changed to the extent where living with a man, instead of marriage, has become socially accepted. However, that is not to say that to adjudge defendant to be living with another man in violation of the agreement the court must find a pseudo-marriage relationship.
Living with a man contemplates a relationship between a couple who care for each other enough that they want to share their time together and have made a commitment to do so. It does not necessarily mean that the people have sexual relations or even sleep in the same bed, but it involves more than arrangement between two people to share a dwelling place. People who are living together share expenses, they attend social functions together, visit friends and relatives together and generally care for the needs of one another.
In the instant case, although plaintiff has shown that a man, Lester Berzak, did reside in the marital home for two years and that Mr. Berzak and defendant had several joint bank accounts, the court finds the evidence presented does not rise to the level of clear and convincing proof that defendant violated the agreement in that she was living with another man.
The court finds that the plaintiff’s failure to pay alimony since May 2, 1983 was not willful as to constitute a contempt of court.
Accordingly, judgment for the defendant in the amount of $12,350, representing alimony arrears for the period of May 2, 1983 through January 21, 1984.