WILLIAM H. SWITZER, Respondent, v ELIZABETH E. SWITZER, Appellant.—In a matrimonial action, the defendant wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Kelly, J.), dated February 21, 1984, which, *inter alia,* denied that branch of her motion which was denominated as one for summary judgment.

Order affirmed, insofar as appealed from, with costs.

In March 1982, defendant applied for a judgment for arrears, a wage-deduction order and counsel fees. Plaintiff responded by denying that he was in arrears in making alimony payments and brought a cross motion, *inter alia,* for modification of the parties' judgment of divorce pursuant to Domestic Relations Law § 248, contending that defendant was not entitled to alimony since she had been habitually residing with another man and holding herself out as his wife. It was determined that issues of fact existed as to both defendant's application for a judgment for arrears and plaintiff's cross motion. Thus, an order of the Supreme Court, Westchester County (Dickinson, J.), dated April 22, 1982, set the motions down for a hearing. In December 1983, before the date of the scheduled hearing, defendant moved, *inter alia,* for summary judgment upon her previous application, which motion was denied. This appeal ensued.

Domestic Relations Law § 244 is intended to provide summary relief for the nonpayment of alimony. "It is, in effect, a motion for summary judgment" *(Pecukonis v Pecukonis,* 49 AD2d 985). Therefore, where questions of fact are raised by the motion papers, a hearing must be held to aid in the

disposition of the application *(see, Malta v Malta,* 87 AD2d 988; *Derosia v Derosia,* 61 AD2d 885).* Once it had been determined in April 1982 that the parties' motions and cross motion could not be resolved on the papers alone, that conclusion became the law of the case which could not be disregarded by a court of coordinate jurisdiction in a subsequent motion for summary judgment *(see, McDougal v County of Livingston,* 89 AD2d 815).* Defendant should have presented her additional evidence by way of a motion to renew to the Judge who heard her original motion *(see, McDougal v County of Livingston, supra).*

In any event, defendant is not entitled to summary judgment since a hearing is necessary in order (1) to determine whether there is good cause for plaintiff's delay in requesting modification of the divorce judgment, (2) to address the merits of plaintiff's cross motion, and (3) to fix the amount of arrears to which defendant is entitled, if any *(see, Malta v Malta, supra).* O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.