■ LYNN M. PUORTO, Now Known as LYNN KAUFMAN, Respondent, v JAMES G. PUORTO, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered March 26, 1985 in Schenectady County, which granted plaintiff's motion for a money judgment and wage deduction order against defendant for outstanding arrears in child support.

Plaintiff applied for an order to show cause pursuant to Domestic Relations Law § 244 for support arrears due under a divorce decree granted October 5, 1981 and for a wage deduction order against defendant pursuant to Personal Property Law § 49-b. The order to show cause, issued February 4, 1985, ordered service by certified mail to be made on the law firm which had represented defendant in the prior divorce proceedings and in several ancillary proceedings attendant thereto, the last having been concluded in January 1985 with the filing of an order relating to defendant's application to have plaintiff held in contempt.

The law firm of Grasso, Rodriguez, Putorti & Grasso ap-

peared on March 7, 1985, the return date of the show cause order, and advised Special Term that it had not been retained to represent defendant in the instant proceeding, that it had no continuing obligation to appear for defendant in matters ancillary to the 1981 divorce proceedings, that it had had no contact with defendant for the past four months and that its attempts to contact him were successful only on the last day immediately preceding the return date. Defendant failed to appear in court. Special Term granted plaintiff a money judgment of $2,928 and imposed a wage deduction order against defendant.

On this appeal, defendant contends that Special Term erred in designating service by certified mail on his former counsel in that such service was inadequate and unlikely to inform him of the proceeding.

Domestic Relations Law § 244 provides that in an action for divorce, an application for an order directing judgment for arrears of maintenance or support must be upon such notice to the spouse as the court may direct. The notice does not commence a new action. Personal service on a defendant is not required (Ageloff v Ageloff, 207 Misc 804). The proceeding is merely a continuation of the prior matrimonial action and the purpose of the notice is to permit a defendant to claim credit for any payments which may have been made and which may have been overlooked by the spouse who seeks judgment (19A Carmody-Wait 2d, NY Prac § 118:112, at 214-215).

It suffices if the designated service is on one through whom it is likely that a defendant will receive adequate notice of the application (Patillo v Patillo, 12 Misc 2d 645). We deem the method of service ordered by Special Term to have been sufficient notice of the proceedings under the circumstances of this case.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.