■ Miklos Hornok, Appellant, v Mercedes Hornok, Respondent.—Judgment, Supreme Court, Bronx County (Shapiro, J.), entered May 6, 1985 in defendant's favor for alimony arrears in the sum of $11,570, unanimously modified, on the law, to the extent of remanding the matter for a hearing on the cross motion for downward modification of the support provisions under the divorce judgment and outstanding arrears between April 3, 1981 and September 3, 1984, and, as so modified, otherwise affirmed, without costs.

Appeal from the order of the same court, dated March 11, 1985, which granted defendant's motion to enter a money judgment for alimony arrears, and denied plaintiff's cross motion for downward modification of alimony, dismissed, without costs, as subsumed in appeal from the judgment.

Plaintiff Miklos Hornok and defendant Mercedes Hornok were divorced by judgment entered on May 26, 1977. At that time both parties were unemployed. The judgment provided for payment of alimony by Miklos to Mercedes in the sum of $22.50 per week as long as Miklos remained unemployed. There was to be an automatic increase to $65 per week, effective one week after plaintiff returned to his regular employment or otherwise became gainfully employed. Plaintiff subsequently resumed work as a welder for Bethlehem Steel Corporation, but has made no payments to date. Garnishment of his wages and sale of the marital residence have served in large part to satisfy three judgments for delinquent support payments.

In September 1984, defendant moved for an order directing entry of judgment for alimony arrears in the sum of $11,570, representing $65 per week for the period April 3, 1981 to September 3, 1984. Plaintiff cross-moved for downward modification of alimony and to cancel outstanding arrearages, alleging a substantial change in circumstances.

Special Term granted the defendant's application and denied plaintiff's cross motion. It reasoned that plaintiff "has consistently failed to live up to his obligations in this matter and his alleged change in circumstances—if believed—does not excuse his failure to make the directed payments for almost two years prior to such alleged change." We disagree and reverse to the extent of remanding the matter for a hearing on the cross motion.

Domestic Relations Law § 244 mandates that: "Upon appli-

cation the court shall make an order directing the entry of judgment for the amount of * * * arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears * * * when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section".

Special Term properly denied plaintiff's cross motion insofar as it sought to cancel arrears as to which judgments had already been entered. Section 244 expressly prohibits such a modification. However, an evidentiary hearing is necessary to resolve whether there has been a change in the circumstances of the parties warranting a retroactive reduction in the remaining arrearages and whether there is "good cause" for plaintiff's failure to move to reduce his support obligation prior to the accrual of such arrearages. (De Paolo v De Paolo, 104 AD2d 631, 632 [2d Dept 1984]; Malta v Malta, 87 AD2d 988 [4th Dept 1982].) In his affidavit in support of the cross motion, plaintiff alleges that he has been unable to investigate the defendant's financial condition because she concealed her whereabouts from him during the period in question. He claims that he has been unemployed "since the end of 1982", is unable to work due to a disabling lung condition, is retired and 62 years of age, and receives only pension income of $238 per month. He alleges further that defendant is employed, self-supporting, and living with another man while holding herself out as his wife. Defendant avers in support of her application that plaintiff has changed jobs but "on information and belief is gainfully employed" and is "fully and physically able to pay the judgment amounts." Only a plenary hearing can resolve these disputed factual issues.

As to plaintiff's contention that defendant initiated and served her motion improperly, it is true that Domestic Relations Law § 244 states that an application for an order directing entry of a money judgment "shall be upon such notice to the spouse * * * as the court may direct." This reference implicitly contemplates use of the order to show cause procedure, with the method of service to be prescribed by the court. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:25, p 89.) As a result of the 1974 amendments to Domestic Relations Law § 232 and CPLR 308 (L 1974, ch 765), substituted service under CPLR 308 (2) and (3) is authorized in actions to annul a marriage, or for divorce,

or separation, and applications incidental thereto, but only upon court order. (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.18; *Lo Cascio v Lo Cascio,* 101 Misc 2d 679, 681 [Sup Ct, Queens County 1979].) The Legislature provided for substituted service in a matrimonial action only upon approval of the court since public policy favors a good-faith effort to locate and personally serve the nonmoving party. (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.18.)

The defendant in the present case fully complied with the requirements for service under CPLR 308 (2), and adequate notice resulted. We agree with Professor Siegel that a court may properly disregard the use of ordinary notice of motion procedure instead of an order to show cause, and reach the merits in these circumstances. (Siegel, NY Civ Prac § 248, at 307.) Neither this procedure nor, for that matter, the untimely service of the plaintiff's cross motion prejudiced the substantial rights of the parties. (CPLR 2001; *see,* Siegel, 1976 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR C2214:24, p 11.) Concur—Murphy, P. J., Ross, Milonas, Kassal and Rosenberger, JJ.