MAURICE WERBLUD, Appellant, v ELAINE R. WERBLUD, Respondent.

First Department, May 21, 1987

### APPEARANCES OF COUNSEL

*Donald Frank, P. C. (H. Michael Stern* with him on the brief), for appellant.

*Stanley Singer* of counsel *(Douglas A. Parker* with him on the brief; *Wolf Popper Ross Wolf & Jones,* attorneys), for respondent.

### OPINION OF THE COURT

MILONAS, J.

Plaintiff Maurice Werblud has commenced this action for an order pursuant to section 248 of the Domestic Relations Law relieving him from the necessity of paying alimony to defendant Elaine Werblud, his former wife, on the ground that she has been habitually living with another man and holding herself out as his wife or, in the alternative, seeking an order under Domestic Relations Law § 236 for a modification or elimination of his support obligations on the basis of a change in circumstances. Defendant has cross-moved for an order pursuant to Domestic Relations Law § 244 granting her a money judgment for arrears in alimony payments due under the separation agreement of the parties, which was incorporated, but not merged, into the judgment of divorce.

The trial court directed the entry of judgment for the arrears in question. However, the court also concluded that since plaintiff's papers raise factual issues as to whether defendant has been living with another man and also holding herself out as his wife, citing Domestic Relations Law § 248 and *Matter of Bliss v Bliss* (66 NY2d 382) and whether there has been a material change in circumstances sufficient to warrant a modification of plaintiff's alimony obligations, these issues should be heard by a Special Referee and a report and recommendation submitted thereon.

At the outset, it should be noted that there is no dispute regarding plaintiff's right to bring a claim under Domestic Relations Law § 236 for a modification based on an alleged change in circumstances. Thus, the primary matter before us

involves the cause of action relating to Domestic Relations Law § 248. In that connection, section 248 provides that: "Where an action for divorce or for annulment or for a declaration of the nullity of a void marriage is brought by a husband or wife, and a final judgment of divorce or a final judgment annulling the marriage or declaring its nullity has been rendered, the court, by order upon the application of the husband on notice, and on proof of the marriage of the wife after such final judgment, must modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the wife. The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders or of both, directing payment of money for the support of such wife."

In *Switzer v Switzer* (114 AD2d 499), the Second Department had occasion to consider a former husband's attempt to avoid alimony payments under Domestic Relations Law § 248. In that case, the wife had applied to the court for arrears, and the husband filed a cross motion in which he argued that his former wife was not entitled to alimony because she had been habitually residing with another man and holding herself out as his wife. The trial court determined that issues of fact existed as to both the wife's claim for arrears and the husband's cross motion and referred both matters for a hearing. On appeal, the Appellate Division affirmed, stating (at 499-500):

"Domestic Relations Law § 244 is intended to provide summary relief for the nonpayment of alimony. 'It is, in effect, a motion for summary judgment' *(Pecukonis v Pecukonis,* 49 AD2d 985). Therefore, where questions of fact are raised by the motion papers, a hearing must be held to aid in the disposition of the application *(see, Malta v Malta,* 87 AD2d 988; *Derosia v Derosia,* 61 AD2d 885) * * *

"In any event, defendant is not entitled to summary judgment since a hearing is necessary in order (1) to determine whether there is good cause for plaintiff's delay in requesting modification of the divorce judgment, (2) to address the merits of plaintiff's cross motion, and (3) to fix the amount of arrears

to which defendant is entitled, if any *(see, Malta v Malta, supra).*"

Yet, there is a distinction between *Switzer v Switzer (supra)* and the current matter, and that difference is so crucial that it mandates a contrary result. The reason is that *Switzer* concerned an effort to modify a judgment of divorce, and, in fact, Domestic Relations Law § 248 specifically refers to a final judgment of divorce. The case before us, however, involves a separation agreement which was incorporated, but not merged, into the judgment of divorce. In that regard, this court's prior holding in *Leffler v Leffler* (50 AD2d 93) which was affirmed by the Court of Appeals on the opinion at the Appellate Division (40 NY2d 1036), is dispositive.

In *Leffler (supra),* the plaintiff sought a declaration pursuant to Domestic Relations Law § 248 that he was not required to pay alimony to his ex-wife under their separation agreement, which had been incorporated, but not merged, into the divorce decree (procured in Mexico). It was the husband's position that his wife's cohabitation with another man and the fact that she held herself out as his wife entitled him (the former husband) to be relieved from the necessity of making further alimony payments. The wife then counterclaimed for arrears, and the husband appealed the trial court's order granting the wife's motion for summary judgment on the counterclaim. In affirming the decision below, this court held that section 248 applied to judgments and orders of support, but to "construe it as applicable to separation agreements would constitute a legislative act which the court may not engage in." According to this court (at 95):

"No assertion of fraud or mistake attendant upon the execution of the separation agreement is made. So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties *(Johnson v Johnson,* 206 NY 561; *Goldman v Goldman,* 282 NY 296). Obviously, where the separation agreement is impeached, the court under appropriate circumstances is justified in reforming the contract so as to make it conform to the agreement actually made and intended. However, absent such impeachment, there is no authority for the court to cancel a contract made by the parties and in its place substitute one which it thinks proper but which as a matter of fact the parties had never assented to. In *Levine v Levine* (79 Misc 2d 149), the Supreme Court, Kings County (Hɪʀscн, J.) enunci-

ated its view that section 248 of the Domestic Relations Law inferentially supports the striking of the provision for alimony in a separation agreement because the wife was living openly with another man. Such view is incorrect for to so hold, in the absence of the agreement being impeached, would result in substituting the decision of the court for the agreement of the parties as to the amount of allowance, thus making a new agreement in the place of the one adopted by the parties *(Stoddard v Stoddard,* 227 NY 13). The agreement is binding upon the parties unless and until it is set aside *(Nusbaum v Nusbaum,* 280 App Div 315).

"Under these circumstances this court has no power to abrogate the support terms of the separation agreement which provide for the cessation of alimony upon the remarriage of the wife. As this has not even been alleged to have occurred, the defendant is entitled to the payments provided for in the agreement."

The separation agreement between the parties here also authorizes that the support and maintenance of the wife cease upon her remarriage. There is no mention of a termination of such payment in the event that she is residing with another man. Moreover, as already explained, the law is clear that Domestic Relations Law § 248 is simply inapplicable to situations concerning separation agreements, and the Court of Appeals in *Northrup v Northrup* (43 NY2d 566) expressly cited *Leffler v Leffler (supra)* for the proposition that section 248 is inapplicable to separation agreements (at 572). In a recent matter, the Court of Appeals (again citing *Leffler,* among other cases), declared that the law "distinguishes between modification of a separation agreement and that of a divorce decree. A separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law" *(Merl v Merl,* 67 NY2d 359, 362).

Since plaintiff here may not maintain an action under Domestic Relations Law § 248, it is unnecessary to consider whether this court would, in a similar situation, have reached the same conclusion as did the Second Department in *Switzer v Switzer (supra)* or whether we would have extended our reasoning in *Hornok v Hornok* (121 AD2d 937), involving a claim pursuant to Domestic Relations Law § 236, to encompass a suit appropriately brought under Domestic Relations Law § 248. In *Hornok,* the wife had moved for an order directing entry of a judgment for alimony arrears and the husband had

cross-moved for a downward modification of alimony and to cancel outstanding arrearages due to a purported substantial change in circumstances. The Supreme Court granted the wife's application and denied the husband's cross motion, and, on appeal, this court determined that (at 937-938):

"Domestic Relations Law § 244 mandates that: 'Upon application the court shall make an order directing the entry of judgment for the amount of * * * arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears * * * when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section'.

"Special Term properly denied plaintiff's cross motion insofar as it sought to cancel arrears as to which judgments had already been entered. Section 244 expressly prohibits such a modification. However, an evidentiary hearing is necessary to resolve whether there has been a change in the circumstances of the parties warranting a retroactive reduction in the remaining arrearages and whether there is 'good cause' for plaintiff's failure to move to reduce his support obligation prior to the accrual of such arrearages. *(De Paolo v De Paolo,* 104 AD2d 631, 632 [2d Dept 1984]; *Malta v Malta,* 87 AD2d 988 [4th Dept 1982])."

Plaintiff herein instituted this action by means of an order to show cause. His affidavit in support thereof merely asserts in a conclusory manner that his former wife has essentially remarried because she has been living with another man for many years, that she is partially supported by this man and that she is now gainfully employed. While plaintiff's allegations are certainly adequate to warrant a hearing on the subject of whether there has been a change of circumstances sufficient to justify a modification of his support obligation, there is a complete absence of any claim by him that he had a good cause for failing to petition the court for such a modification prior to his resorting to a "self-help" solution.

Domestic Relations Law § 244 states that upon the default in paying any sum of money as required by the judgment or order directing payment thereof, the court shall make an order directing the entry of judgment for the amount of such arrears. In *Baker v Baker* (66 NY2d 649, 651), the Court of

Appeals clearly indicated that this section is available to a party where a separation agreement is "incorporated by reference in the divorce judgment." Although the Court of Appeals held therein that the defendant in that case could not apply for arrears pursuant to section 244 where the judgment of divorce in question "referred to the separation agreement entered into by the parties, and retained jurisdiction for the purpose of specifically enforcing the agreement" (at 651) or of making such further decrees with respect to alimony as it deems appropriate, the court proceeded to distinguish the matter before it from that in *Zipparo v Zipparo* (70 AD2d 616) where the separation agreement, as in the instant situation, was incorporated, but not merged, into the judgment of divorce. Thus, in accordance with the interpretation of Domestic Relations Law § 244 set forth in *Baker v Baker (supra)*, defendant was properly awarded a judgment for the arrears owed to her. *(See also, Hornok v Hornok, supra.)*

Notwithstanding defendant's failure to move for dismissal of the cause of action commenced pursuant to section 248 of the Domestic Relations Law (she only cross-moved for the amount of the arrears), plaintiff is clearly not entitled to relief under that provision. Consequently, any evidence heard by the Special Referee should be limited to a consideration of whether there has been a change of circumstances under Domestic Relations Law § 236 sufficient to support a modification of plaintiff's alimony obligations from the date of the commencement of this action. Whether or not defendant has been residing with another man is, therefore, relevant only insofar as any support received from this man might bear upon the issue of a possible change in her circumstances.

Consequently, the order of the Supreme Court, New York County (Hortense Gabel, J.), entered on April 1, 1986, which granted defendant's cross motion for arrears in alimony payments and referred to a Special Referee to hear and report with respect to plaintiff's claims under sections 248 and 236 of the Domestic Relations Law, should be modified, on the law, to the extent of referring to a Special Referee to hear and report only the issue of plaintiff's application for a modification of his support obligations on the basis of a change of circumstances pursuant to Domestic Relations Law § 236, and otherwise affirmed, without costs and disbursements.

SANDLER, J. P., SULLIVAN, ROSS and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on April 1, 1986, unanimously modified, on the law, to the extent of referring to a Special Referee to hear and report only the issue of plaintiff's application for a modification of his support obligations on the basis of a change of circumstances pursuant to Domestic Relations Law § 236, and otherwise affirmed, without costs and without disbursements.