■ RUTH V. CURTIS, Respondent, v GEORGE E. CURTIS, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Inglehart, J.), entered August 25, 1986 in

Onondaga County, which, *inter alia,* granted plaintiff's motion for child support arrearages.

Plaintiff and defendant were married in 1964. Two children were born of the marriage before the parties separated in 1973. A separation agreement was incorporated into but not merged with a decree of divorce issued in July 1975. In the separation agreement, defendant agreed to pay $375 per month alimony to plaintiff and $175 per month for support of each of the parties' children. Significant to this appeal is the fact that the child support provision contained an escalation clause which was to be calculated based upon the Consumer Price Index issued by the United States Department of Labor. Also relevant to this appeal are the provisions of the agreement whereby defendant retained responsibility "for all hospital, medical and dental expenses of each child" and his agreement to "provide a college education for each of the two children, in accordance with his financial ability to do so".

In January 1986, plaintiff made an application pursuant to Domestic Relations Law § 244 for certain alleged arrearages due from defendant. Plaintiff sought $4,457 for medical and dental bills which she had allegedly paid from June 1974 until the date of the application. She also sought $4,116.01 to reimburse her for the alleged cost of maintaining health insurance coverage. Although defendant had consistently paid child support in the amount originally called for in the separation agreement, there was no increase in his payments pursuant to the escalation clause. In her application, plaintiff asserted that due to this failure defendant owed $19,492.56 in arrearages. The last item of relief requested by plaintiff was a commitment by defendant to underwrite the college education of the parties' oldest child, Deborah, who was then a high school senior.

Defendant answered the application and asserted numerous defenses. Supreme Court summarily dismissed defendant's defenses and granted plaintiff the full relief requested. The court further ordered defendant to provide verification that he was maintaining life insurance policies called for by the separation agreement and to pay interest on all arrearages. Supreme Court's order was entered August 25, 1986 and a notice of appeal from the order was filed September 5, 1986. A final judgment for $32,760.07 was subsequently entered on November 5, 1986. No appeal was taken from the final judgment.

The first issue which must be addressed is whether this appeal should be dismissed. Defendant appealed only from

Supreme Court's order and not from the subsequently entered final judgment. When an appeal is taken from an order and during the pendency of that appeal a final judgment is entered, proper appellate review lies from the judgment *(Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566; *Jema Props. v McLeod,* 51 AD2d 702). However, in the absence of a showing of prejudice, this court can exercise its discretion and, in the interest of justice, consider an appeal from the order as one from the judgment (CPLR 5520 [c]; *Kozlowski v City of Amsterdam,* 111 AD2d 476, 477; *see, Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542). Here, there has been no showing of prejudice or that the judgment was different from the order in any material way relevant to this appeal. Hence, we exercise our discretion and consider the appeal as one from the judgment.

Next, it must be determined whether there is merit to defendant's contention that any claims by plaintiff should have been brought in a plenary action, and that Supreme Court erred in allowing plaintiff to use the expedited procedures available under Domestic Relations Law § 244. Defendant's argument in this regard is premised on the fact that the parties' separation agreement was incorporated by reference, and not set forth at length, in the judgment of divorce. When a party seeks relief under an agreement which has *not* been incorporated into a judgment of divorce, either by reference or by setting forth the terms at length, relief under Domestic Relations Law § 244 is not available to enforce the agreement *(see, e.g., Sileo v Sileo,* 115 AD2d 535). However, in a case such as the one at bar, where the judgment of divorce expressly incorporates by reference the terms of the agreement, a party should not be prevented from using Domestic Relations Law § 244 *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 751; *see also, Zipparo v Zipparo,* 70 AD2d 616; *cf., Baker v Baker,* 66 NY2d 649, 651). Hence, we conclude that the court did not err in allowing plaintiff to proceed under this statute.

Defendant also argues that Supreme Court erred in rejecting his contention that the Statute of Limitations barred recovery of arrearages sought by plaintiff which had accrued more than six years before her application. Contrary to plaintiff's contention, this issue was raised before Supreme Court and was implicitly rejected by the court in its order, which included arrearages that had accrued more than six years before plaintiff commenced the application. An application for

arrearages is governed by the residual six-year limitations period of CPLR 213 (1) *(Tauber v Lebow,* 65 NY2d 596). Accordingly, Supreme Court erred in including arrearages which had accrued prior to January 28, 1980 in its order.

Next, defendant contends that Supreme Court erred in dismissing several defenses raised by him without affording him a hearing on those issues. A motion under Domestic Relations Law § 244 is akin to a motion for summary judgment and should not be resolved without a hearing if the motion papers raise material issues of fact *(Pecukonis v Pecukonis,* 49 AD2d 985; *see, Switzer v Switzer,* 114 AD2d 499). Here, the affidavits submitted by the parties paint contrasting pictures of the facts underlying the issues on appeal. In such a case, it is the court's function, prior to a hearing, to determine whether the allegations create issues meriting a hearing and not to assess credibility. We find numerous factual issues necessitating a hearing.

With regard to the reimbursement order for health costs and health insurance premiums, defendant asserts that he has continually maintained the parties' children as covered beneficiaries of his health insurance plan and that plaintiff failed to submit medical statements to him so that his insurance could cover the expenses. If this allegation is supported by the credible evidence at a hearing, it would indicate that defendant substantially complied with that obligation of the separation agreement. We further note that, with regard to the health insurance issue, defendant was only liable for plaintiff's medical expenses for one year following the decree of divorce. Yet, the evidence submitted by plaintiff in her application indicates that she sought reimbursement for "family" coverage. No figures were presented showing what percentage of the cost was attributable to coverage of plaintiff's health cost and what percentage covered the children.

Defendant has raised sufficient factual questions to merit a hearing on issues related to child support arrearages. As previously mentioned, the arrearages plaintiff seeks are solely those tied to the escalation clause in the separation agreement. The escalation clause was based upon the Consumer Price Index. Yet, the record does not contain any evidence as to the Consumer Price Index during the years in question. Further, defendant raised the factual issues as to whether plaintiff either explicitly or implicitly waived her right to arrearages *(cf., Maule v Kaufman,* 33 NY2d 58; *Friedman v Exel,* 116 AD2d 433).

Likewise, factual issues were presented as to defendant's

responsibility for his daughter Deborah's college education. The parties' separation agreement provided that defendant would pay for the children's college education "in accordance with his financial ability to do so". Unlike *Matter of Vetrano v Calvey* (102 AD2d 932), the record here does not clearly support Supreme Court's determination that defendant can afford all of the expenses related to Deborah's decision to attend a private university.

Judgment reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.