■ BERNARD BROWN, Appellant, v MIRIAM BROWN, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated March 14, 1977, the plaintiff former husband appeals from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated January 19, 1988, as denied those branches of his motion which were to compel the defendant former wife to provide authorizations for disclosure of her income tax returns for the years 1979 through and including 1983.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof which denied that branch of the defendant's motion which was to compel the defendant to provide an authorization for disclosure of her income tax returns for the year 1983, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A stipulation between the parties dated January 4, 1977, provided, *inter alia,* that the plaintiff would continue to pay alimony and child support to the defendant "until such time as the defendant remarries, dies, or lives with another man". In 1983 plaintiff moved for an order terminating his support obligations on the ground that the defendant was "living with another man" *(see, Brown v Brown,* 122 Misc 2d 849). At the hearing conducted in December 1983 the defendant testified that a male had been renting the lower two levels of the four-level marital home at a rental of $300 per month. The defendant corroborated her testimony with copies of her 1981 and 1982 income tax returns in which she had declared the rent as income. The Supreme Court found she was not "living with another man" and granted her cross motion for support arrears *(see, Brown v Brown, supra).* On appeal, this court, with two Justices dissenting, affirmed, finding that the evidence had "failed to demonstrate that the defendant had forfeited her right to support under the stipulation by living with another man" *(Brown v Brown,* 122 AD2d 762, 764). A further appeal to the Court of Appeals was dismissed on the ground that the dissent at the Appellate Division was not based on the law *(Brown v Brown,* 70 NY2d 763).

In October 1987 the plaintiff brought the present motion claiming that subsequent events during the four-year period since December 1983 prove that the defendant is "living with another man". In a subsequent motion brought in December 1987 the plaintiff also contended that the defendant perpetrated a fraud on the court and was, in fact, living with another man since 1979. On the basis of alleged "newly discovered evidence", he also sought to vacate the original determination of the court and requested restitution of alimony paid since 1979. The Supreme Court granted the plaintiff's application for disclosure of the defendant's income tax returns only for the years 1984 to 1986, denied disclosure for the years 1979 through 1983, and directed a hearing on the new issues raised. The plaintiff appeals only from so much of the order dealing with the failure to direct the defendant to furnish her income tax returns for the years 1979 through 1983. We modify so as to direct disclosure of the defendant's 1983 income tax returns.

A review of the record reveals that the plaintiff's claim of newly discovered evidence is unsubstantiated, and the prior determinations in this case, as affirmed on appeal, bar relitigation of the "living together" issue for the period of time up to and including December 13, 1983. All the allegations which

either were raised or could have been raised concerning acts which occurred prior to the conclusion of the December 1983 hearing are now barred by the doctrine of res judicata *(see, e.g., Jorgensen v Jorgensen,* 76 AD2d 828). Thus, the plaintiff may adduce evidence only concerning acts which occurred subsequent to December 13, 1983.

Therefore, the Supreme Court properly declined to direct disclosure of the defendant's income tax returns for the years 1979 through and including 1982. However, although the res judicata effect of the prior hearing extends to all acts which occurred prior to December 13, 1983, the plaintiff could not have sought or obtained the defendant's 1983 income tax returns until sometime in 1984. Thus, the Supreme Court should have directed the defendant to furnish an authorization for her 1983 income tax returns for use by the plaintiff not inconsistent with this determination for impeachment or other purposes with respect to his allegations concerning acts occurring subsequent to December 13, 1983. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.