■ ELIZABETH ROGERS, Respondent, v JOHN S. ROGERS, Appellant.—In a matrimonial action, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 5, 1988, as granted that branch of the plaintiff's motion which was for leave to enter a judgment in the amount of $124,700 representing arrears in temporary maintenance and child support.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith in order to determine the amount of arrears owed by the defendant to the plaintiff, any credits the defendant may have against those arrears, whether the child support and maintenance payments should be downwardly modified, and whether maintenance payments should be downwardly modified retroactively.

The plaintiff has moved for a judgment of arrears allegedly due under a previous temporary order of maintenance and child support. Despite sharply conflicting contentions in the moving and opposition papers as to the amount due, the Supreme Court calculated the arrears without any evidentiary hearing. We find that the court erred in directing the entry of a judgment without such a hearing as the disputed issues of fact make it impossible to ascertain the actual amount owed by the defendant to the plaintiff (see, *Curtis v Curtis,* 132 AD2d 850; *Graepel v Graepel,* 125 AD2d 447; *Switzer v Switzer,* 114 AD2d 499; Domestic Relations Law § 244).

Among the issues to be resolved at the hearing are the actual amounts paid by the defendant to the plaintiff; whether the direct payments by the defendant of the children's college expenses, if any, may be credited to the defendant; and whether the defendant is entitled to any offset with regard to the plaintiff's alleged rental income from the marital home of which the plaintiff has exclusive possession *(see generally, Pottala v Pottala,* 112 AD2d 553; *Yecies v Yecies,* 108 AD2d 813; *cf., Neumark v Neumark,* 120 AD2d 502).

Also to be determined at the hearing is whether the defendant had good cause for delaying his motion for a downward modification of maintenance and whether such downward modification, if appropriate, should be granted retroactively *(see, Hornok v Hornok,* 121 AD2d 937; *cf., Penziner v Penziner,* 123 AD2d 674; Domestic Relations Law § 244). We emphasize, however, that this decision and order is not to be construed as expressing any opinion regarding the hearing court's ultimate decision on downward modification, credits, or any other issue arising at the hearing. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.