■ ELANA G. GUNSBURG, Respondent, v DAVID GUNSBURG, Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered March 2, 1990, which, *inter alia,* granted plaintiff's motion for enforcement relief pursuant to the terms of a judgment of divorce and the underlying stipulation of settlement between the parties, unanimously affirmed, with costs.

The parties are Orthodox Jews. When defendant failed to abide by the terms of a Get, plaintiff commenced this action for a divorce. A stipulation was reached settling the action, which was incorporated but not merged into a judgment of divorce. The stipulation also provided that the court retain jurisdiction to enforce provisions of the agreements.

Plaintiff thereafter moved by order to show cause pursuant to Domestic Relations Law § 244, for arrears in child support and reimbursement for certain medical and educational expenses. Defendant cross-moved to dismiss, alleging lack of personal and subject matter jurisdiction. The court granted plaintiff's application, and denied the cross-motion. We now affirm.

Enforcement proceedings pursuant to Domestic Relations Law § 244 do not constitute a new action, but are treated as the continuation of the underlying divorce proceeding *(Haskell v Haskell,* 6 NY2d 79). Thus, service may be made upon the law firm which represented the defendant in the prior proceeding *(Puorto v Puorto,* 120 AD2d 845). We note, in this regard, that continued post-judgment representation is evidenced by numerous letters and telephone calls between defendant's and plaintiff's counsel, almost up to the time of the commencement of this proceeding. As the judgment stated that the court retained jurisdiction of the matter for enforcing provisions of the stipulation and award, the court also had subject matter jurisdiction.

Nor was defendant entitled to a hearing. Domestic Relations

Law § 244 provides for an expedited procedure to resolve support issues, and a hearing is only required in certain limited instances *(see, Rogers v Rogers,* 151 AD2d 738). Defendant failed to come forward with evidentiary facts sufficient to raise any triable issue of fact *(Gelb v Bucknell Press,* 69 AD2d 829).* Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.