■ LYNN JARON, Respondent, v SIGMUND JARON, Appellant. —Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered April 17, 1990 in Rockland County, which, *inter alia,* partially granted plaintiff's motion for payment of maintenance and child support arrears.

In 1989, plaintiff moved for a money judgment in the amount of $64,002.04 for arrearages in maintenance, child support, health insurance premiums, property taxes, equitable distribution, and health and dental expenses, all purportedly due pursuant to a stipulation of settlement referenced but not merged in the parties' 1987 divorce decree. Defendant opposed the motion and cross-moved for a downward modification of his support and maintenance obligations. Supreme Court granted plaintiff's application for arrears and ordered a hearing to determine whether defendant's support obligations should be modified. On appeal, defendant argues that the

court should not have granted plaintiff's request for arrears without first conducting a hearing to determine whether defendant had shown good cause for not meeting his maintenance and support obligations. We agree.

A court is required to order the entry of a judgment for the amount of any arrears due "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (Domestic Relations Law § 244). The motion should not be resolved without a hearing, however, if the motion papers raise material issues of fact *(Curtis v Curtis,* 132 AD2d 850, 853). In his papers, defendant avers that his significant decrease in income and incurrence of substantial debt justified his unilateral reduction in payments. One of the reasons defendant gives for not seeking a modification sooner is that he suffered from a depressed mental state, which culminated in an attempted suicide in 1988. He further asserts that he continued to pay plaintiff $500 each and every week for the children's support despite his dour financial circumstances. Finally, defendant maintains that plaintiff interfered with his visitation rights. Plaintiff acknowledges that defendant was hospitalized for his attempt to end his life, but denigrates his representation that his financial condition is as somber as portrayed. Moreover, she neither admits nor denies that defendant paid her some child support weekly or that she interfered with his right to visit the children.

In our view, defendant has raised sufficient factual questions to merit a hearing respecting whether he has shown good cause for failing to apply for a reduction of his support obligation before the accrual of the claimed arrears. An inability to pay as well as a deprivation of decreed visitation have been recognized as constituting good cause under Domestic Relations Law § 244 (2 Foster, Freed and Brandes, Law and the Family New York § 2:47, at 300; *see,* Domestic Relations Law § 241; *Burne v Burne,* 50 AD2d 850); defendant should be afforded an opportunity to develop his various justifications for not having moved earlier for the relief he now seeks *(see, Hornok v Hornok,* 121 AD2d 937, 938; *compare, Penziner v Penziner,* 123 AD2d 674, 676). Furthermore, to the extent that defendant may have made support payments during the time the arrears accrued, he should be credited for this amount.

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as permitted plaintiff to enter a money judgment with the clerk of the court in the amount of

$64,002.04; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.