■ VIRGINIA PAUL, Appellant, v WERNER H. PAUL, Respondent. [606 NYS2d 420] —Crew III, J. Appeal from an order of the Supreme Court (White, J.), entered August 3, 1992 in Fulton County, which, *inter alia,* granted defendant's motion for a money judgment pursuant to Domestic Relations Law § 244.

In July 1987 the parties entered into a stipulation, incorporated but not merged in a judgment of divorce, which provided, in relevant part, that defendant would continue to pay the mortgage on the marital residence inasmuch as he was still residing there. Defendant thereafter vacated the marital residence and moved for, *inter alia,* an order directing plaintiff to pay one half of the expenses incurred in maintaining the residence. Supreme Court granted defendant's motion in this regard and directed that plaintiff assume responsibility for one half of such expenses effective November 26, 1990. Plaintiff apparently failed to comply with the court's directive and, in May 1992, defendant moved for, *inter alia,* an order pursuant to Domestic Relations Law § 244 directing entry of a judgment in the amount of $3,085.85, representing plaintiff's share of the expenses. Supreme Court granted the requested relief and this appeal by plaintiff followed.

Although plaintiff argues on appeal that Supreme Court erred in directing the entry of a judgment pursuant to Domestic Relations Law § 244 without first conducting an eviden-

tiary hearing, we cannot agree.* Initially, we note that plaintiff conceded at oral argument that although she opposed defendant's application, she did not specifically request a hearing. Additionally, it is well settled that a hearing in this regard is required only where the party opposing the motion comes forward with evidentiary proof sufficient to raise a question of fact (see, Gunsburg v Gunsburg, 173 AD2d 232, 232-233; see also, Felton v Felton, 175 AD2d 794, 794-795; Scheinkman, 1991 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244 [1993 Pocket Part], at 285-286; compare, Curtis v Curtis, 132 AD2d 850, 853-854). Here, although plaintiff contends that there is a question of fact regarding her obligation to pay these expenses, particularly with respect to the mortgage payment, a review of Supreme Court's order makes plaintiff's obligation in this regard rather apparent. Additionally, while plaintiff questions the quality of defendant's proof relative to the claimed expenses and the legitimacy of such expenses given the alleged condition of the marital residence, she does not tender any evidentiary proof to dispute the amounts claimed or her obligation to pay her share thereof. Finally, as to plaintiff's argument that a hearing should have been held to determine her ability to pay, the record before us indicates that plaintiff failed to raise this argument before Supreme Court and, hence, has not preserved this issue for appellate review (see generally, Rohdie v Michael Guidice, Inc., 132 AD2d 541). Accordingly, Supreme Court's order should be affirmed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Domestic Relations Law § 244 provides, in relevant part, that "[w]here a spouse in an action for divorce * * * defaults in paying any sum of money as required by the judgment or order directing the payment thereof, or as required by the terms of an agreement or stipulation incorporated by reference in a judgment * * * [t]he court shall make an order directing the entry of judgment for the amount of arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears".