■ MELVIN HERSHKOWITZ, Appellant, v JOANNA HERSHKOWITZ, Respondent. [625 NYS2d 886] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 5, 1994, which granted defendant's motion for summary judgment awarding her alimony arrears, and denied plaintiff's cross motion for disclosure sanctions or, alternatively, for a hearing on his claim that the stipulation of settlement underlying the divorce judgment was induced by defendant's fraud, unanimously reversed, on the law, without costs, and the matter remanded for a hearing. Judgment, same court and Justice, entered May 19, 1994 pursuant to the above order, which awarded defendant $221,441.88 in arrears plus $95,693.08 in interest, unanimously reversed, on the law, and the judgment vacated, without costs. Motion by plaintiff to strike portions of defendant's brief is denied.

The record reveals factual issues, requiring a hearing, regarding defendant's alleged misrepresentations in her affidavit sworn to on September 16, 1977, and plaintiff's alleged reliance thereon when the parties stipulated to matters of support and distribution of assets, which stipulation was incorporated into the judgment of divorce. While defendant may ultimately prevail on this claim of fraud, it has been observed that a motion pursuant to Domestic Relations Law § 244 is, in

effect, a motion for summary judgment *(Switzer v Switzer,* 114 AD2d 499), making issue finding rather than issue determination the key to the procedure here *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Accordingly, summary judgment should not have been granted to defendant. In light of the history of these proceedings, we direct that a hearing be expeditiously scheduled and completed. Concur—Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.